Christopher J. Pulido (SBN 313142)
Email:   cpulido@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

PHILIPS NORTH AMERICA LLC;

                    Plaintiff,

          vs.

ADVANCED IMAGING SERVICES, INC.,
d/b/a ADVANCED IMAGING PARTS; and
WANG XIUYUAN a/k/a SEAN WANG,

                    Defendants.

No.: 2:21-cv-00876

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR EXPEDITED DISCOVERY**

Date: July 6, 2021
Time: 1:30 p.m.
Courtroom: 6 – 14th Floor
Judge: Hon. John A. Mendez
Compl. Filed: May 14, 2021

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**INTRODUCTION**

Plaintiff Philips North America LLC ("Philips" or "Plaintiff") respectfully requests expedited discovery in order to allow Plaintiff and this Court to properly shape the scope of relief Philips requires, as outlined in Philips' Motion for Preliminary Injunction.  Philips' Motion for Preliminary injunction, filed concurrently herewith, against Defendants Advanced Imaging Services, Inc. d/b/a Advanced Imaging Parts ("AIP"), and Wang Xiuyuan a/k/a Sean Wang ("Wang") (collectively with AIP, "Defendants") asks this Court to enjoin Defendants from using counterfeit "certificates" that allow them to circumvent—or "hack"—certain technological protections to unlawfully access Philips' medical imaging systems.  Defendants' unauthorized access and modifications to Philips' systems could cause them to malfunction and/or leave them vulnerable to cyber-attacks, to the potential detriment of health care providers, patients, and Philips' good name and reputation, and cause the value of Philips' rights and confidential information to weaken and dilute.

Philips seeks expedited discovery because while Philips knows of certain circumvention attempts, it has no means of determining the full extent of Defendants' current misconduct.  Given the immense threat posed to Philips—as well as its customers and patients—by Defendants' continued circumvention, Philips is unable to wait for normal discovery to open pursuant to Rule 26 before filing its motion for an injunction.

The expedited discovery that Philips needs right now is limited and narrow in scope to more fully understand the immediate threat of harm to Philips.  Philips asks that the Court order all written discovery and inspections to be completed within fourteen (14) days of the Court's order granting this Motion for Expedited Discovery.  Philips also asks that the Court allow Philips to take limited deposition discovery, if needed to clarify any written discovery or documents produced by Defendants.  As shown below, the good cause standard in the Ninth Circuit for expedited discovery is met in this case.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1

**RELEVANT BACKGROUND**[1]

2      Philips manufactures, sells and services medical imaging systems, including devices such as

3 CT and PET scanners, x-ray machines, MR scanners, and nuclear medicine scanners (individually or

4 collectively, the "Philips systems").  The Philips systems are complex pieces of medical equipment,

5 and through extensive time, effort and expense, Philips has generated extensive proprietary

6 information, documentation, and software for servicing such systems.  To control access to its

7 proprietary servicing tools, Philips implements various authentication mechanisms.

8      Philips recently discovered certain instances of Defendants—who purport to service medical

9 equipment manufactured by Philips and others—using counterfeit "certificates" that allowed them to

10 circumvent certain technological protections, access Philips' proprietary servicing tools and

11 documentation without authorization, and then use that information to service the Philips systems at

12 two Southern California medical facilities.  Due to limitations in Philips' software systems—as well

13 as the covert nature of Defendants' use of fake certificates that tricks the Philips systems into

14 recognizing the certificate as legitimate—Philips is unable to remotely detect the use of false

15 certificates in the majority of its systems.  To determine whether a false certificate was used with a

16 given machine, Philips would first need to know the locations that Defendants service, and then a

17 Philips employee typically would need to physically visit the Philips systems and review the device's

18 on-board logs, and cross-reference the certificates used to access the machine against Philips' central

19 database.  Furthermore, the logs that would ordinarily record the use of the false certificate can be

20 deleted with the use of such certificate.  These limitations on Philips' ability to detect the full extent

21 of Defendants' wrongdoing allow Defendants to covertly engage in these unlawful activities.  Thus,

22 given the covert nature of Defendants' actions, it is virtually impossible to know the full extent of their

23 unlawful activities.

24      By circumventing Philips' security measures to access Philips proprietary information,

25 documentation, and software without authorization, Defendants can—unbeknownst to Philips, its

26 customers, or patients—modify the Philips systems (*e.g.*, by loading unauthorized software, changing

27
28

---

[1] This Motion for Expedited Discovery incorporates the allegations contained in Plaintiffs' Complaint and Motion for Preliminary Injunction, filed concurrently herewith.  The allegations are omitted from this Motion only for the sake of brevity.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

settings, dosing levels, virus protection, etc.), resulting in (i) system overload and/or malfunction; (ii) modification and/or de-activation of the system's anti-virus software, which would leave the system vulnerable to cyber-attacks from other nefarious actors; and (iii) tarnishment of Philips' reputation and brand with its customers through system failures and modifications caused by Defendants.

## THE REQUESTED DISCOVERY IS LIMITED AND NARROWLY TAILORED

Philips' proposed expedited discovery requests are attached to this memorandum as Exhibits 1-4, and as Exhibits 1-4 to the Proposed Order submitted in support of this Motion.  In sum, Philips seeks limited requests for production of documents and interrogatories to Defendants AIP and Wang. Philips also asks that, if necessary to clarify any written discovery responses, Philips be allowed to take limited deposition discovery of AIP and/or Wang.

## THE COURT SHOULD ORDER EXPEDITED DISCOVERY

The expedited discovery sought by Philips is narrowly tailored, reasonable, and bears directly on Philips' pending Motion for Preliminary Injunction.  Philips seeks discovery to learn the current scope of Defendants' misconduct to prevent further harm to Philips, its customers, and potentially patients.  Good cause exists to grant this Motion for Expedited Discovery.

**A.      Legal Standard**

Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by [Federal] Rule [of Civil Procedure] 26(f)."  Fed. R. Civ. P. 26(d)(1).  However, courts have express authority to order early discovery under Federal Rule of Civil Procedure 26(d).  *See* Fed. R. Civ. P. 26 advisory committees' note (1993 amendments to subdivision (d): expedited discovery is appropriate "in some cases, such as those involving requests for a preliminary injunction").  Courts evaluate requests for expedited discovery for good cause.  *Pyro Spectaculars North, Inc. v. Souza*, No. CIV 2-12-0299 GGH, 2012 U.S. Dist. LEXIS 15801, at *6-7 (E.D. Cal. Feb 8, 2012); *AF Holdings LLC v. Doe*, No. 2:12-CV-2206-JAM-EFB, 2012 WL 5464577, at *2 (E.D. Cal. Nov. 7, 2012) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

"Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'"  *AF Holdings*, 2012 WL 5464577, at *2 (quoting *Semitool*, 208 F.R.D. at 276).  "In considering whether good cause exists,

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

factors courts may consider include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Roadrunner Intermodal Servs., LLC v. T.G.S. Transportation, Inc.*, No. 1:17-cv-01056-DAD-BAM, 2017 WL 3783017, at \*3 (E.D. Cal. Aug. 31, 2017). "Good cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction." *Id.*

**B.    Good Cause Exists for Plaintiffs' Requested Relief**

*Factor #1*.   As to the first factor in the good cause analysis, Philips' Motion for Preliminary Injunction, simultaneously filed with this Motion, is pending.  Expedited discovery is often granted to plaintiffs where it is relevant to requested injunctive relief.  *See Stanley v. Univ. of S. Cal.*. 13 F.3d 1313, 1326 (9th Cir. 1994) (good cause for immediate depositions "may exist because of the urgent need for discovery in connection with an application for TRO or preliminary injunction") (citations omitted); *Trulite Glass & Aluminim Sols., LLC v. Smith,* No. 2:16-01798-cv-JAM-CKD, 2016 WL 8738432, at \*1 (E.D. Cal. Aug. 10, 2016) (finding "good cause for expedited discovery in intellectual property cases and cases where a preliminary injunction is pending"); *Pyro Spectaculars N., Inc. v. Souza,* 861 F. Supp. 2d 1079, 1086 (E.D. Cal. 2012) (noting that "several rounds" of expedited discovery were conducted in support of injunctive relief to protect trade secrets).

*Factor #2*.   As to breadth, Philips has narrowly tailored its expedited discovery requests. Specifically, beyond the information already uncovered, Philips seeks to determine the present extent of Defendants' circumvention of Philips' access controls to service Philips systems, and the scope of the imminent, irreparable harm.  Philips knows that Defendants serviced the Philips systems at St. John's Healthcare Center and SimonMed Beverly Hills by using a false certificate to access Philips' restricted materials.   But there are likely more.   To prevent further harm to Philips caused by Defendants' misconduct, Philips must understand the extent of what was done, how it was done, and how it presently is being used to harm Philips.  Philips is entitled to this discovery, and asks only that the Court shorten the time for service of their requests and Defendants' responses. *See Semitool,* 208

F.R.D. at 276-77 (noting that defendants were not prejudiced by plaintiff's requests for core documents that were relevant and would be received by plaintiffs during the normal course of discovery).

*Factor #3*.   The purpose for requesting the expedited discovery is at least twofold.   First, expedited discovery will help the Court fashion its preliminary injunction order.   A developed record is in the interests of both the Court and the parties so that scope of any order issued by the Court can be properly tailored to the facts of the case.   *See Semitool, Inc.*, 208 F.R.D. at 276 (weighing the benefits provided by expedited discovery including the fact that expedited discovery results in expedited litigation and a benefit to court resources).   Second, by expediting discovery, Philips also seeks to mitigate the risk that discoverable information may be lost or destroyed.   *See AF Holdings LLC*, 2012 WL 5464577, at *3 (finding good cause to conduct expedited discovery where there was risk that defendant might destroy the information sought); *see also WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 854–55 (N.D. Cal. 2019) (granting expedited discovery to guard against loss of evidence and protect plaintiff's trade secrets).   Here, Defendants have already demonstrated that they are technologically savvy, and indeed, willing to use technology to steal and use Philips' technological access controls.   A real risk exists that Defendants may destroy or dilute through their use Philips' confidential and proprietary information.

*Factor #4*.   The burden on Defendants to comply with the expedited discovery requests is slight; Philips seeks only information that it would be entitled to at a later date.   *Roadrunner Intermodal*, 2017 WL 3783017, at *3 (granting expedited discovery where "[t]he burden on the defendant to comply with the requests will not be any greater than the general discovery burdens contemplated by this action.").   Moreover, a defendant's claim of harm should ring hollow when it decides to engage in unlawful conduct with knowledge of the potential consequences.   Philips is seeking expedited discovery to learn more about Defendants' current intentional, malicious and/or willful conduct that it has directed at Philips' medical imaging systems, and prevent Defendants from further benefitting from their unlawful conduct.   Accordingly, the need for expedited discovery here outweighs any negligible harm to Defendants (if any).

*Factor #5*.   Although the expedited discovery requests precede the typical discovery process by several weeks, such a delay is the very reason expedited discovery is so important in this action,

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

given Defendants' unlawful conduct and threat of irreparable harm.  *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2011 WL 1938154, at *2 (N.D. Cal. May 18, 2011); *Semitool*, 208 F.R.D. at 276 (expedited discovery proper where "the requested information is relevant and will be produced in the normal course of discovery"); *Hardie v. NCAA*, No. 13cv346-W (DHB), 2013 WL 1399333, at *6 (S.D. Cal. Apr. 5, 2013) (expedited discovery proper where "the information sought is relevant to the pending motion for preliminary injunction and is likely to assist the Court in resolving the motion"); *Trulite Glass & Aluminum Sols., LLC v. Smith*, No. 2:16-01798-cv-JAM-CKD, 2016 WL 8738432, at *1 (E.D. Cal. Aug. 10, 2016) (allowing individual depositions of no more than three hours for five individuals and one company defendant).

Given the limited scope and clear relevancy of the discovery sought and Philips' urgent need for this discovery, expedited discovery is warranted pursuant to Federal Rules of Civil Procedure 26, 33, and 34 as to Philips' proposed discovery requests.  *See* Mot. Exs. 1-4; Proposed Ord. Exs. 1-4.

## CONCLUSION

The requested discovery is crucial to avoiding prejudice to Philips and will provide important evidence to upcoming proceedings regarding Philips' request for injunctive relief.  Good cause exists to grant this motion.


DATED:  May 14, 2021

REED SMITH LLP


By: */s/ Christopher J. Pulido*
Christopher J. Pulido (SBN 313142)

*Attorney for Plaintiff*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 101 Second Street, Suite 1800, San Francisco, California 94105-3659. On May 14, 2021, I served the **Memorandum of Points and Authorities in Support of Plaintiff's Notice of Motion and Motion for Expedited Discovery**, by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.  A signed proof of service by the process server or delivery service will be filed shortly.

Advanced Imaging Services, Inc.
17410 Murphy Pkwy.
Lathrop, CA 95330

Advanced Imaging Services, Inc.
c/o Registered Agent, Wei Wang
6124 Huntingdale Cir.
Stockton, CA 95219

Sean Wang
6124 Huntingdale Cir.
Stockton, CA 95219

I hereby further certify that on the 14th day of May, 2021, I emailed and mailed a courtesy copy of the foregoing document by overnight carrier and by transmitting via email to the email and mail addresses below:

Advanced Imaging Services, Inc.
info@advancedimagingparts.com
17410 Murphy Pkwy.
Lathrop, CA 95330

Advanced Imaging Services, Inc.
info@advancedimagingparts.com
c/o Registered Agent, Wei Wang
6124 Huntingdale Cir.
Stockton, CA 95219

Sean Wang
swang@advancedimagingparts.com
6124 Huntingdale Cir.
Stockton, CA 95219

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on May 14, 2021, at Walnut Creek.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No.: 2:21-cv-00876

1

2

REED SMITH LLP

3

By: */s/ Christopher J. Pulido*

Christopher J. Pulido (SBN 313142)

4

*Attorney for Plaintiff*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Christopher J. Pulido (SBN 313142)
Email:    cpulido@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC | No.: 2:21-cv-00876 |
| Plaintiff, | **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS DIRECTED TO DEFENDANT ADVANCED IMAGING PARTS** |
| vs. | |
| ADVANCED IMAGING SERVICES, INC., d/b/a ADVANCED IMAGING PARTS; and WANG XIUYUAN a/k/a SEAN WANG, | Honorable John A. Mendez |
| Defendants. | |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's Order Granting

2    Expedited Discovery, Plaintiff Philips North America LLC ("Philips"), by and through its undersigned

3    counsel, serves the following requests for production of documents and things upon Defendant

4    Advanced Imaging Services, Inc. d/b/a Advanced Imaging Parts ("AIP").   AIP shall produce the

5    following documents and tangible things within its possession, custody, or control within 14 days after

6    service of these requests to all counsel of record of Philips, or at the offices of Reed Smith LLP: 101

7    Second Street, Suite 1800, San Francisco, California 94105.

8    Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's Order Granting

9    Expedited Discovery, you are further required to serve a written response hereto within 14 days after

10   service of these Requests.

11   ## DEFINITIONS

12   The following definitions shall apply to the document requests that follow:

13   1.     The terms "you," "your," "Advanced Imaging Services", "Advanced Servicing Parts"

14   and "AIP" refer to Defendant Advanced Imaging Services, Inc. d/b/a Advanced Imaging Parts, and

15   include any and all of its subsidiaries, divisions, predecessors or successors-in-interest, affiliates,

16   parent companies, and current or former officers, directors, employees, agents, contractors, and other

17   persons or entities controlled by or acting on behalf of AIP at any time.

18   2.     The term "Sean Wang" and "Wang" refers to Defendant Wang Xiuyuan a/k/a Sean

19   Wang.

20   3.     The terms "Plaintiff" and "Philips" refer to Plaintiff Philips North America LLC and

21   include any and all of Philips' subsidiaries, divisions, predecessors or successors-in-interest, affiliates,

22   parent companies, officers, directors, employees, agents, contractors, and other persons or entities

23   controlled by or acting on behalf of Philips.

24   4.     The term "Philips Systems" refers to medical imaging systems developed,

25   manufactured, sold, or supported by Philips.  The systems include, but are not limited to, imaging

26   devices such as CT and PET scanners, x-ray machines, ultrasound machines, MR scanners, and

27   nuclear medicine scanners.

28

No.: 2:21-cv-00876                          – 2 –
PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION
TO ADVANCED IMAGING PARTS

5.     The term "person" refers to natural persons, corporations, firms, limited liability companies, proprietorships, partnerships, trusts, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, department and units thereof.

6.     The term "documents" includes all things within the meaning and scope of that term as used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  This includes copies that differ from the original in any way, including handwritten notations or other written or printed matter. It also includes communications and other information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently also in non-electronic form and regardless of whether such documents are stored electronically in encrypted or unencrypted form or whether such and regardless of whether such documents are stored electronically in a manner that they may be located or identified using keyword searching.

7.     The terms "employee" or "contractor" are used in the broadest possible sense, and mean, without limitation, any employee or contractor, whether currently or formerly in that capacity.

8.     The term "communications" is used in the broadest possible sense, and means any transmission or exchange of information from one person or entity to another, by any means including but not limited to electronic mail or chat communications.

9.     The terms "regarding," "relate to," and "related to" as used with respect to any category of documents, refer to, mean, and include all documents that (a) constitute or are encompassed within that category; (b) memorialize, concern, mention, summarize, or refer to matters within that category; or (c) may provide evidence concerning the subject matter of that category.

10.     The term "computer" is used in the broadest sense possible and includes including without limitation desktops, laptops, tablets, servers, mobile devices, systems, or virtual machines (in each case whether stored and/or accessed locally or remotely).

11.     The term "user" in reference to any computer refers broadly to any distinct set of files, folders, paths, Microsoft Windows registry hives, operating systems, virtual machines, file spaces, partitions, websites, or urls associated with or accessible by any person or by employing any distinct username, distinct username and password combination, or, generally, distinct access credential.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION
TO ADVANCED IMAGING PARTS

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

12.     The use of the singular shall be deemed to include the plural, and use of one gender shall include all others as appropriate in the context.

13.     The terms "and" and "or" mean either the conjunctive or the disjunctive as context may require so that the meaning is inclusive rather than exclusive.

14.     The term "including" means including but not limited to.

15.     The term "each" means each and every.

16.     The term "any" means any and all.

17.     The term "IST" means the Philips Integrated Security Tool.

18.     The term "IST Certificate" means an electronic document including a digital signature used to access Philips Systems.

## **INSTRUCTIONS**

1.     If any portion of a document or tangible thing is responsive to a request, the entire document or tangible thing shall be produced, redacting only privileged material, if any.

2.     Tangible things produced pursuant to these requests shall be produced in their present form and shall not be changed or modified in any way.

3.     These requests are of a continuing nature, and any additional responsive documents discovered subsequent to the scheduled date of production herein should promptly be produced to Philips.

4.     If you claim that the attorney-client privilege or any other privileges may be applicable to any document or written communication, the production of which is sought by these requests, you shall, where applicable:

    (a)     Describe generally the subject matter of the document and/or communication;

    (b)     Identify the author and addresses and recipients of the documents;

    (c)     Identify the participants in and witnesses to, the communication and all other persons to whom the substance of such communications has been disclosed;

    (d)     State the date on which the document was prepared or that communication was made;

PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION
TO ADVANCED IMAGING PARTS

(e)     Identify each person who has ever had possession, custody or control of the document or any copy; and

(f)     Provide sufficient further information concerning the document and/or communication to explain the privilege and permit adjudication of the propriety of such claim.

5.     Unless otherwise indicated, the time frame for these Document Requests shall be January 1, 2020 to the present.

6.     If a responsive document is attached to an email, you are to produce the email attaching the responsive document and all other attachments.

7.     If a responsive document is an email, you are to produce the email with all attachments.

## **REQUESTS FOR DOCUMENTS**

**DOC. REQUEST NO. 1**:

All documents identifying, describing, or referring to methods of accessing Philips Systems or information, including methods of disabling or circumventing access controls and/or to generate access credentials or certificates for accessing any Philips Systems, and all documents identifying, describing, or referring to how you acquired or learned of such method.

**DOC. REQUEST NO. 2:**

All documents sufficient to identify every IST Certificate acquired by you and how it was acquired, including who each IST Certificate was acquired from, how it was acquired, the transaction to acquire the IST Certificate, the expiration date of each IST Certificate, and every person involved in the acquisition of the IST Certificate.

**DOC. REQUEST NO. 3:**

A native copy of every IST Certificate acquired by you.

**DOC. REQUEST NO. 4:**

All documents that include the text "sean.wang@philips.com".

**DOC. REQUEST NO. 5:**

All documents that include the text "philips@philips.com."

PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION
TO ADVANCED IMAGING PARTS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**DOC. REQUEST NO. 6:**

All documents that include the text "123@philips.com."

**DOC. REQUEST NO. 7**:

All documents regarding your service of a Philips System at:

      (A) SimonMed Imaging in Beverly Hills, California

      (B) Providence Saint John's Health Center in Santa Monica, California

**DOC. REQUEST NO. 8**:

Documents sufficient to identify the following information for each time you serviced a Philips System:

- Customer name (and primary contractor name if you were subcontracted);
- Customer address;
- IST Certificate used and its expiration date;
- Make, model, and unique identifiers (e.g., serial numbers) of all machine(s) serviced;
- Location(s) of all machine(s) serviced;
- Employee(s), contractor(s), and/or others who performed service(s);
- Date(s) of service(s) performed;
- Service(s) performed;
- Philips entitlements to perform such service(s); and
- Amounts billed for service(s) performed.

**DOC. REQUEST NO. 9**:

Any and all scripts, macros, commands, computer applications, key generators, executables, or files you have copied to, installed on, or otherwise utilized to access or use Philips Systems, or have provided to third parties to access or use Philips Systems, and all documents regarding such scripts, commands, or files.

**DOC. REQUEST NO. 10**:

A forensic copy of, or the opportunity to inspect, any and all hardware or other physical devices that you have used or have provided to third parties for attachment to or interface with Philips Systems

– 6 –

PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION
TO ADVANCED IMAGING PARTS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

in connection with or related to your or third-party access to or service of Philips Systems, and all documents regarding such hardware or other physical devices.

**DOC. REQUEST NO. 11:**

A forensic copy of, or the ability to inspect, any laptop or other computer utilized by you to gain access to, copy files to, or otherwise modify files on, or provide services to a Philips System.

**DOC. REQUEST NO. 12:**

A forensic copy of, or the ability to inspect, each USB drive, Philips Smartcard or hardware key utilized by you to gain access to, copy files to, or otherwise modify files on, or provide services to a Philips System, including but not limited to, Philips Systems at SimonMed Imaging in Beverly Hills, California and Providence Saint John's Health Center in Santa Monica, California.

**DOC. REQUEST NO. 13:**

For each user of each computer within your possession, custody or control, an export of the following Microsoft Windows registry hive keys or subkeys:

- HKEY_LOCAL_MACHINE\SYSTEM\CurrentControlSet\Control\Computer Name\.
- HKEY_LOCAL_MACHINE\SYSTEM\CurrentControlSet\Services\Tcipip\ Parameters.
- HKEY_CURRENT_USER\Software\Philips
- HKEY_CURRENT_USER\SOFTWARE\Wow6432Node\Software\Philips

**DOC. REQUEST NO. 14:**

Any document that includes a Philips IST activation code.

**DOC. REQUEST NO. 15:**

A copy of any document that includes any of the following terms: "FSE: 12345", "FSE: 137426", "FSE: 164072", or "FSE: 176085".

**DOC. REQUEST NO. 16:**

A forensic copy of, or the opportunity to inspect, the computer named "MS-20170704NIDS".

**DOC. REQUEST NO. 17:**

Documents sufficient to identify any software used by you for the purpose of or in connection

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION
TO ADVANCED IMAGING PARTS

with the servicing of any Philips System.

**DOC REQUEST NO. 18:**

All documents and communications related to 626 Holdings, Inc. and/or Alexander Kalish.

DATED:  May 14, 2021          REED SMITH LLP

By: /s/ Christopher J. Pulido
    Christopher J. Pulido (SBN 313142)

    *Attorney for Plaintiff*

PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION
TO ADVANCED IMAGING PARTS

# EXHIBIT 2

1  Christopher J. Pulido (SBN 313142)
   Email:    cpulido@reedsmith.com
2  REED SMITH LLP
   101 Second Street, Suite 1800
3  San Francisco, California 94105-3659
   Telephone: +1 415 543 8700
4  Facsimile: +1 415 391 8269

5  *Attorney for Plaintiff*

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                        SACRAMENTO DIVISION

11  PHILIPS NORTH AMERICA LLC              No.: 2:21-cv-00876

12                   Plaintiff,            **PLAINTIFF'S FIRST SET OF
                                           INTERROGATORIES DIRECTED
13        vs.                              TO DEFENDANT ADVANCED IMAGING
                                           PARTS**
14  ADVANCED IMAGING SERVICES, INC.,
    d/b/a ADVANCED IMAGING PARTS; and      Honorable John A. Mendez
15  WANG XIUYUAN a/k/a SEAN WANG,

16                   Defendants.

17        Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the and the Court's Order

18  Granting Expedited Discovery, Plaintiff Philips North America LLC ("Philips"), by and through the

19  undersigned counsel, serve the following interrogatories upon Defendant Advanced Imaging Services,

20  Inc. d/b/a Advanced Imaging Parts ("AIP").  AIP shall answer the following Interrogatories separately

21  and fully in writing under oath within 14 days after service hereof, in accordance with the Federal

22  Rules of Civil Procedure, all other applicable rules and court practices, and the definitions and

23  instructions set forth below.

24                          **DEFINITIONS**

25        The following definitions shall apply to the Interrogatories that follow:

26        1.      The terms "you," "your," "Advanced Imaging Services", "Advanced Servicing Parts"

27  and "AIP" refer to Defendant Advanced Imaging Services, Inc. d/b/a Advanced Imaging Parts, and

28  include any and all of its subsidiaries, divisions, predecessors or successors-in-interest, affiliates,

No.: 2:21-cv-00876              – 1 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

parent companies, and current or former officers, directors, employees, agents, contractors, and other persons or entities controlled by or acting on behalf of AIP at any time.

2.      The term "Sean Wang" and "Wang" refers to Defendant Wang Xiuyuan a/k/a Sean Wang.

3.      The terms "Plaintiff" and "Philips" refer to Plaintiff Philips North America LLC and include any and all of Philips' subsidiaries, divisions, predecessors or successors-in-interest, affiliates, parent companies, officers, directors, employees, agents, contractors, and other persons or entities controlled by or acting on behalf of Philips.

4.      The term "Philips Systems" refers to medical imaging systems developed, manufactured, sold, or supported by Philips.  The systems include, but are not limited to, imaging devices such as CT and PET scanners, x-ray machines, ultrasound machines, MR scanners, and nuclear medicine scanners.

5.      The term "person" refers to natural persons, corporations, firms, limited liability companies, proprietorships, partnerships, trusts, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, department and units thereof.

6.      The term "documents" includes all things within the meaning and scope of that term as used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  This includes copies that differ from the original in any way, including handwritten notations or other written or printed matter. It also includes communications and other information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently also in non-electronic form and regardless of whether such documents are stored electronically in encrypted or unencrypted form or whether such and regardless of whether such documents are stored electronically in a manner that they may be located or identified using keyword searching.

7.      The terms "employee" or "contractor" are used in the broadest possible sense, and mean, without limitation, any employee or contractor, whether currently or formerly in that capacity.

PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED
TO ADVANCED IMAGING PARTS

8. The term "communications" is used in the broadest possible sense, and means any transmission or exchange of information from one person or entity to another, by any means including but not limited to electronic mail.

9. The terms "regarding," "relate to," and "related to" as used with respect to any category of documents, refer to, mean, and include all documents that (a) constitute or are encompassed within that category; (b) memorialize, concern, mention, summarize, or refer to matters within that category; or (c) may provide evidence concerning the subject matter of that category.

10. The term "computer" is used in the broadest sense possible and includes including without limitation desktops, laptops, tablets, servers, mobile devices, systems, or virtual machines (in each case whether stored and/or accessed locally or remotely).

11. The term "user" in reference to any computer refers broadly to any distinct set of files, folders, paths, Microsoft Windows registry hives, operating systems, virtual machines, file spaces, partitions, websites, or urls associated with or accessible by any person or by employing any distinct username, distinct username and password combination, or, generally, distinct access credential.

12. The term "identify", when referring to a person, shall mean state the full name, employer, telephone number, address, email address(es), company affiliation, job title, business address, for any person and any other contact information.

13. The term "describe" shall mean state all details, facts, and information known to you. When referring to documents, "describe" shall mean to identify the bates number and to state the date of the document, the author, the recipient, and any other information to enable Philips to locate the document.

14. The term "support" or "supporting" shall mean to evidence, show, suggest the truth of, or to corroborate.

15. The use of the singular shall be deemed to include the plural, and use of one gender shall include all others as appropriate in the context.

16. The terms "and" and "or" mean either the conjunctive or the disjunctive as context may require so that the meaning is inclusive rather than exclusive.

17. The term "including" means including but not limited to.

PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED
TO ADVANCED IMAGING PARTS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

18.     The term "each" means each and every.

19.     The term "any" means any and all.

20.     The term "IST" means the Philips Integrated Security Tool.

21.     The term "IST Certificate" means an electronic document including a digital signature used to access Philips Systems.

## **INSTRUCTIONS**

1.      You are to furnish all information available to you in answering the Interrogatories, including information in the possession of your attorneys, employees, agents, other persons directly or indirectly employed by you, or anyone acting on your behalf or otherwise subject to your control, and not merely such information as the persons preparing the responses know of from their own personal knowledge.

2.      When used in the course of an enumeration of items as to which documents or information are requested, the words "and" and "or" are to be construed as requesting documents or information as to each items in the enumeration, the same as if the entire Interrogatory had been addressed solely to that item.

3.      Whenever an Interrogatory herein requires you to describe an act or action, omission, meeting, conference, discussion, occurrence, happening, instance or event, you are to give a full description thereof, including a statement setting forth (i) the date and place thereof; (ii) the identity of each oral communication involved and each document which refers to or which was prepared or made during the course or as a consequence thereof; and (iii) the identity of all persons who were witness or participants.

4.      Whenever an Interrogatory calls for information with respect to "each" one of a particular type or class of matters, events, persons, or entities, of which there is more than one, you are required to separately list, set forth, or identify for each thereof all requested information.

5.      If you or your counsel asserts that any information or response herein requested is privileged or otherwise protected from discovery, identify and describe the documents in compliance with Fed. R. Civ. Proc. 26(b)(5) and produce a privilege log in accordance with federal rules and practices.

PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED
TO ADVANCED IMAGING PARTS

6. Unless otherwise indicated, the time frame for these interrogatories is January 1, 2020 to the present.

## INTERROGATORIES

**INTERROGATORY NO. 1**:

List all IST Certificates you acquired or generated to access Philips Systems, whether acquired from Philips or not, and for each IST Certificate:

(i) identify who the IST Certificate was acquired from or who generated it;

(ii) explain how the IST Certificate was acquired or generated;

(iii) identify the date the IST Certificate was acquired or generated, its expiration date, and how the expiration date was set;

(iv) identify any amount paid for the IST Certificate;

(v) describe the transaction through which the IST Certificate was acquired or generated;

(vi) identify every person involved in the acquisition of the IST Certificate;

(vii) identify every person to whom you provided the IST Certificate;

(viii) identify the user name and password used with each IST Certificate; and

(ix) identify every Philips System upon which the IST Certificate was used.

**INTERROGATORY NO. 2**:

Identify all persons, including your employees as well as contractors and other third parties, whom you have trained or who have trained you, or otherwise provided any information regarding how to gain access to Philips Systems, software, or documents, and describe the training that was conducted and the information that was provided.

**INTERROGATORY NO. 3:**

Identify each customer (by facility name and address) where you have serviced Philips Systems or sold Philips Systems or sold parts for Philips Systems, the dates of such sales or service, and who was involved in such sales or service.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED
TO ADVANCED IMAGING PARTS

**INTERROGATORY NO. 4:**

Identify each email address that AIP used in any way in connection with its work related to any Philips Systems, including emails used to register IST Certificates, and any other tool, service, or machine that required an email address.

**INTERROGATORY NO. 5:**

Identify and list all customers (by facility name and address) on whose Philips Systems you enabled software options.  For each such customer:

(i)      identify by make, model, and unique identifiers (e.g., serial number) of the Philips System on which such software was enabled;

(ii)     for each such Philips System, identify the IST Certificate used to enable the software options, and provide the IST Certificate information requested in response to Interrogatory No. 1;

(iii)    identify all internal communications regarding enablement of the software options in the Philips System(s); and

(iv)     identify all communications with the customer regarding enablement of the software options in the Philips Systems.

DATED this May 14, 2021                    REED SMITH LLP

By: /s/ Christopher J. Pulido
        Christopher J. Pulido (SBN 313142)

*Attorney for Plaintiff*

PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED
TO ADVANCED IMAGING PARTS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT 3

Christopher J. Pulido (SBN 313142)
Email:    cpulido@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC | No.: 2:21-cv-00876 |
| Plaintiff, | **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS DIRECTED TO DEFENDANT SEAN WANG** |
| vs. | |
| ADVANCED IMAGING SERVICES, INC., d/b/a ADVANCED IMAGING PARTS; and WANG XIUYUAN a/k/a SEAN WANG, | Honorable John A. Mendez |
| Defendants. | |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No.: 2:21-cv-00876                                    – 1 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Pursuant to Rules 34 of the Federal Rules of Civil Procedure and the Court's Order Granting Expedited Discovery, Plaintiff Philips North America LLC ("Philips"), by and through the undersigned counsel, serve the following requests for production of documents and things upon Defendant Wang Xiuyuan a/k/a Sean Wang ("Sean Wang").  Sean Wang shall produce the following documents and tangible things within his possession, custody, or control within 14 days after service of these requests to all counsel of record of Philips, or at the offices of Reed Smith LLP: 101 Second Street, Suite 1800, San Francisco, California 94105.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's Order Granting Expedited Discovery, you are further required to serve a written response hereto within 14 days after service of these Requests.

## **DEFINITIONS**

The following definitions shall apply to the document requests that follow:

1.      The terms "you" and "your" refer to Defendant Wang Xiuyuan a/k/a Sean Wang, and include any and all of his affiliates, agents, contractors, and other persons or entities controlled by or acting on behalf of Sean Wang at any time.

2.      The terms "Plaintiff" and "Philips" refer to Plaintiff Philips North America LLC, and include any and all of Philips' subsidiaries, divisions, predecessors or successors-in-interest, affiliates, parent companies, officers, directors, employees, agents, contractors, and other persons or entities controlled by or acting on behalf of Philips.

3.      The term "Philips Systems" refers to medical imaging systems developed, manufactured, sold, or supported by Philips.  The systems include, but are not limited to, imaging devices such as CT and PET scanners, x-ray machines, ultrasound machines, MR scanners, and nuclear medicine scanners.

4.      The term "person" refers to natural persons, corporations, firms, limited liability companies, proprietorships, partnerships, trusts, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, department and units thereof.

PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION
TO SEAN WANG

5.     The term "documents" includes all things within the meaning and scope of that term as used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  This includes copies that differ from the original in any way, including handwritten notations or other written or printed matter. It also includes communications and other information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently also in non-electronic form and regardless of whether such documents are stored electronically in encrypted or unencrypted form or whether such and regardless of whether such documents are stored electronically in a manner that they may be located or identified using keyword searching.

6.     The terms "employee" or "contractor" are used in the broadest possible sense, and mean, without limitation, any employee or contractor, whether currently or formerly in that capacity.

7.     The term "communications" is used in the broadest possible sense, and means any transmission or exchange of information from one person or entity to another, by any means including but not limited to electronic mail or chat communications.

8.     The terms "regarding," "relate to," and "related to" as used with respect to any category of documents, refer to, mean, and include all documents that (a) constitute or are encompassed within that category; (b) memorialize, concern, mention, summarize, or refer to matters within that category; or (c) may provide evidence concerning the subject matter of that category.

9.     The term "computer" is used in the broadest sense possible and includes including without limitation desktops, laptops, tablets, servers, mobile devices, systems, or virtual machines (in each case whether stored and/or accessed locally or remotely).

10.     The term "user" in reference to any computer refers broadly to any distinct set of files, folders, paths, Microsoft Windows registry hives, operating systems, virtual machines, file spaces, partitions, websites, or urls associated with or accessible by any person or by employing any distinct username, distinct username and password combination, or, generally, distinct access credential.

11.     The use of the singular shall be deemed to include the plural, and use of one gender shall include all others as appropriate in the context.

12.     The terms "and" and "or" mean either the conjunctive or the disjunctive as context may require so that the meaning is inclusive rather than exclusive.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

13.     The term "including" means including but not limited to.

14.     The term "each" means each and every.

15.     The term "any" means any and all.

16.     The term "IST" means the Philips Integrated Security Tool.

17.     The term "IST Certificate" means an electronic document including a digital signature used to access Philips Systems.

## **INSTRUCTIONS**

1.     If any portion of a document or tangible thing is responsive to a request, the entire document or tangible thing shall be produced, redacting only privileged material, if any.

2.     Tangible things produced pursuant to these requests shall be produced in their present form and shall not be changed or modified in any way.

3.     These requests are of a continuing nature, and any additional responsive documents discovered subsequent to the scheduled date of production herein should promptly be produced to Philips.

4.     If you claim that the attorney-client privilege or any other privileges may be applicable to any document or written communication, the production of which is sought by these requests, you shall, where applicable:

(a)     Describe generally the subject matter of the document and/or communication;

(b)     Identify the author and addresses and recipients of the documents;

(c)     Identify the participants in and witnesses to, the communication and all other persons to whom the substance of such communications has been disclosed;

(d)     State the date on which the document was prepared or that communication was made;

(e)     Identify each person who has ever had possession, custody or control of the document or any copy; and

(f)     Provide sufficient further information concerning the document and/or communication to explain the privilege and permit adjudication of the propriety of such claim.

PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION
TO SEAN WANG

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

5.      Unless otherwise indicated, the time frame for these Document Requests shall be January 1, 2020 to the present.

6.      If a responsive document is attached to an email, you are to produce the email attaching the responsive document and all other attachments.

7.      If a responsive document is an email, you are to produce the email with all attachments.

## REQUESTS FOR DOCUMENTS

**DOC. REQUEST NO. 1**:

All documents identifying, describing, or referring to methods of accessing Philips Systems or information, including methods of disabling or circumventing access controls and/or to generate access credentials or certificates for accessing any Philips Systems, and all documents identifying, describing, or referring to how you acquired or learned of such method.

**DOC. REQUEST NO. 2:**

All documents sufficient to identify every IST Certificate acquired by you and how it was acquired, including who each IST Certificate was acquired from, how it was acquired, the transaction to acquire the IST Certificate, the expiration date of each IST Certificate, and every person involved in the acquisition of the IST Certificate.

**DOC. REQUEST NO. 3:**

A native copy of every IST Certificate acquired by you.

**DOC. REQUEST NO. 4:**

All documents that include the text "sean.wang@philips.com".

**DOC. REQUEST NO. 5:**

All documents that include the text "philips@philips.com."

**DOC. REQUEST NO. 6:**

All documents that include the text "123@philips.com."

**DOC. REQUEST NO. 7:**

All documents regarding your service of a Philips System at Providence Saint John's Health Center in Santa Monica, California

**DOC. REQUEST NO. 8:**

PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION
TO SEAN WANG

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Documents sufficient to identify the following information for each time you serviced a Philips System:

- Customer name (and primary contractor name if you were subcontracted);
- Customer address;
- IST Certificate used and its expiration date;
- Make, model, and unique identifiers (e.g.,serial numbers) of all machine(s) serviced;
- Location(s) of all machine(s) serviced;
- Employee(s), contractor(s), and/or others who performed service(s);
- Date(s) of service(s) performed;
- Service(s) performed;
- Philips entitlements to perform such service(s); and
- Amounts billed for service(s) performed.

**DOC. REQUEST NO. 9**:

Any and all scripts, macros, commands, computer applications, key generators, executables, or files you have copied to, installed on, or otherwise utilized to access or use Philips Systems, or have provided to third parties to access or use Philips Systems, and all documents regarding such scripts, commands, or files.

**DOC. REQUEST NO. 10**:

A forensic copy of, or the opportunity to inspect, any and all hardware or other physical devices, including, but not limited to, a computer named "MS-20170704NIDS.", and any other devices that you have used or interface with Philips Systems, and all documents regarding such hardware or other physical devices.

**DOC. REQUEST NO. 11**:

A forensic copy of, or the ability to inspect, any laptop or other computer utilized by you to gain access to, copy files to, or otherwise modify files on, or provide services to a Philips System.

**DOC. REQUEST NO. 12**:

A forensic copy of, or the ability to inspect, each USB drive, Philips Smartcard or hardware key utilized by you to gain access to, copy files to, or otherwise modify files on, or provide services

PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION
TO SEAN WANG

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 | to a Philips System, including but not limited Philips Systems at Providence Saint John's Health Center

2 | in Santa Monica, California.

3 | **DOC. REQUEST NO. 13:**

4 | For each computer within your possession, custody or control, an export of the following

5 | Microsoft Windows registry hive keys or subkeys:

6 | • HKEY_LOCAL_MACHINE\SYSTEM\CurrentControlSet\Control\Computer

7 | Name\.

8 | • HKEY_LOCAL_MACHINE\SYSTEM\CurrentControlSet\Services\Tcipip\Pa

9 | rameters.

10 | **DOC. REQUEST NO. 14:**

11 | Any document that includes a Philips IST activation code.

12 | **DOC. REQUEST NO. 15:**

13 | A copy of any document that includes any of the following terms: "FSE: 12345", "FSE:

14 | 137426", "FSE: 164072", or "FSE: 176085".

15 | **DOC. REQUEST NO. 16:**

16 | All documents that refer to or are related to the computer or device named "MS-

17 | 20170704NIDS".

18 | **DOC. REQUEST NO. 17:**

19 | Documents sufficient to identify any software used by you for the purpose of or in connection

20 | with the servicing of any Philips System.

21 | **DOC. REQUEST NO. 18**:

22 | All documents and communications related to 626 Holdings, Inc. and/or Alexander Kalish.

23 |

24 | DATED:  May 14, 2021                    REED SMITH LLP

25 |

26 | By: /s/ Christopher J. Pulido

27 | Christopher J. Pulido (SBN 313142)

28 | *Attorney for Plaintiff*

PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION
TO SEAN WANG

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

# EXHIBIT 4

Christopher J. Pulido (SBN 313142)
Email:    cpulido@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

*Attorney for Plaintiff*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC | No.: 2:21-cv-00876 |
| Plaintiff, | **PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT SEAN WANG** |
| vs. | |
| ADVANCED IMAGING SERVICES, INC., d/b/a ADVANCED IMAGING PARTS; and WANG XIUYUAN a/k/a SEAN WANG, | Honorable John A. Mendez |
| Defendants. | |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's Order Granting Expedited Discovery, Plaintiff Philips North America LLC ("Philips"), by and through the undersigned counsel, serve the following interrogatories upon Defendant Wang Xiuyuan a/k/a Sean Wang ("Sean Wang"). Sean Wang shall answer the following Interrogatories separately and fully in writing under oath within 14 days after service hereof, in accordance with the Federal Rules of Civil Procedure, all other applicable rules and court practices, and the definitions set forth below.

## DEFINITIONS

The following definitions shall apply to the Interrogatories that follow:

1.     The terms "you" and "your" refer to Defendant Wang Xiuyuan a/k/a Sean Wang, and include any and all of his affiliates, agents, contractors, and other persons or entities controlled by or acting on behalf of Sean Wang at any time.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

2.      The terms "Plaintiff" and "Philips" refer to Plaintiff Philips North America LLC and include any and all of Philips' subsidiaries, divisions, predecessors or successors-in-interest, affiliates, parent companies, officers, directors, employees, agents, contractors, and other persons or entities controlled by or acting on behalf of Philips.

3.      The term "Philips Systems" refers to medical imaging systems developed, manufactured, sold, or supported by Philips.  The systems include, but are not limited to, imaging devices such as CT and PET scanners, x-ray machines, ultrasound machines, MR scanners, and nuclear medicine scanners.

4.      The term "person" refers to natural persons, corporations, firms, limited liability companies, proprietorships, partnerships, trusts, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, department and units thereof.

5.      The term "documents" includes all things within the meaning and scope of that term as used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  This includes copies that differ from the original in any way, including handwritten notations or other written or printed matter. It also includes communications and other information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently also in non-electronic form and regardless of whether such documents are stored electronically in encrypted or unencrypted form or whether such and regardless of whether such documents are stored electronically in a manner that they may be located or identified using keyword searching.

6.      The terms "employee" or "contractor" are used in the broadest possible sense, and mean, without limitation, any employee or contractor, whether currently or formerly in that capacity.

7.      The term "communications" is used in the broadest possible sense, and means any transmission or exchange of information from one person or entity to another, by any means including but not limited to electronic mail.

8.      The terms "regarding," "relate to," and "related to" as used with respect to any category of documents, refer to, mean, and include all documents that (a) constitute or are encompassed within

PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED
TO SEAN WANG

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   that category; (b) memorialize, concern, mention, summarize, or refer to matters within that category;

2   or (c) may provide evidence concerning the subject matter of that category.

3       9.    The term "computer" is used in the broadest sense possible and includes including

4   without limitation desktops, laptops, tablets, servers, mobile devices, systems, or virtual machines (in

5   each case whether stored and/or accessed locally or remotely).

6       10.    The term "user" in reference to any computer refers broadly to any distinct set of files,

7   folders, paths, Microsoft Windows registry hives, operating systems, virtual machines, file spaces,

8   partitions, websites, or urls associated with or accessible by any person or by employing any distinct

9   username, distinct username and password combination, or, generally, distinct access credential.

10       11.    The term "identify", when referring to a person, shall mean state the full name,

11   employer, telephone number, address, email address(es), company affiliation, job title, business

12   address, for any person and any other contact information.

13       12.    The term "describe" shall mean state all details, facts, and information known to you.

14   When referring to documents, "describe" shall mean to identify the bates number and to state the date

15   of the document, the author, the recipient, and any other information to enable Philips to locate the

16   document.

17       13.    The term "support" or "supporting" shall mean to evidence, show, suggest the truth of,

18   or to corroborate.

19       14.    The use of the singular shall be deemed to include the plural, and use of one gender

20   shall include all others as appropriate in the context.

21       15.    The terms "and" and "or" mean either the conjunctive or the disjunctive as context may

22   require so that the meaning is inclusive rather than exclusive.

23       16.    The term "including" means including but not limited to.

24       17.    The term "each" means each and every.

25       18.    The term "any" means any and all.

26       19.    The term "IST" means the Philips Integrated Security Tool.

27       20.    The term "IST Certificate" means an electronic document including a digital signature

28   used to access Philips Systems.

**INSTRUCTIONS**

1.     You are to furnish all information available to you in answering the Interrogatories, including information in the possession of your attorneys, employees, agents, other persons directly or indirectly employed by you, or anyone acting on your behalf or otherwise subject to your control, and not merely such information as the persons preparing the responses know of from their own personal knowledge.

2.     When used in the course of an enumeration of items as to which documents or information are requested, the words "and" and "or" are to be construed as requesting documents or information as to each items in the enumeration, the same as if the entire Interrogatory had been addressed solely to that item.

3.     Whenever an Interrogatory herein requires you to describe an act or action, omission, meeting, conference, discussion, occurrence, happening, instance or event, you are to give a full description thereof, including a statement setting forth (i) the date and place thereof; (ii) the identity of each oral communication involved and each document which refers to or which was prepared or made during the course or as a consequence thereof; and (iii) the identity of all persons who were witness or participants.

4.     Whenever an Interrogatory calls for information with respect to "each" one of a particular type or class of matters, events, persons, or entities, of which there is more than one, you are required to separately list, set forth, or identify for each thereof all requested information.

5.     If you or your counsel asserts that any information or response herein requested is privileged or otherwise protected from discovery, identify and describe the documents in compliance with Fed. R. Civ. Proc. 26(b)(5) and produce a privilege log in accordance with federal rules and practices.

6.     Unless otherwise indicated, the time frame for these interrogatories is January 1, 2020 to the present.

**INTERROGATORIES**

PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED
TO SEAN WANG

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**INTERROGATORY NO. 1**:

List all IST Certificates you acquired or generated to access Philips Systems, whether acquired from Philips or not, and for each IST certificate:

      (i)     identify who the IST Certificate was acquired from or who generated it;

      (ii)    explain how the IST Certificate was acquired or generated;

      (iii)   identify the date the IST Certificate was acquired or generated, its expiration date, and how the expiration date was set;

      (iv)   identify any amount paid for the IST Certificate;

      (v)    describe the transaction through which the IST Certificate was acquired or generated;

      (vi)   identify every person involved in the acquisition of the IST Certificate;

      (vii)   identify every person to whom you provided the IST Certificate;

      (viii)  identify the user name and password used with each IST Certificate; and

      (ix)   identify every Philips System upon which the IST Certificate was used.

**INTERROGATORY NO. 2**:

Identify all persons whom you have trained or who have trained you, or otherwise provided any information regarding how to gain access to Philips Systems, software, or documents and describe the training that was conducted and the information that was provided.

**INTERROGATORY NO. 3:**

Identify each customer (by facility name and address) where you have serviced Philips Systems or sold Philips Systems or sold parts for Philips Systems, the dates of such sales or service, and who was involved in such sales or service.

**INTERROGATORY NO. 4:**

Identify each email address that you have used in any way in connection with your work related to any Philips Systems, including emails used to register IST Certificates, and any other tool, service, or machine that required an email address.

**INTERROGATORY NO. 5:**

Identify and list all customers (by facility name and address) on whose Philips Systems you enabled software options.  For each such customer:

PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED
TO SEAN WANG

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

(i)     identify by make, model, and unique identifiers (e.g., serial number) of the Philips System on which such software was enabled;

(ii)    for each such Philips System, identify the IST Certificate used to enable the software options, and provide the IST Certificate information requested in response to Interrogatory No. 1;

(iii)   identify all internal communications regarding enablement of the software options in the Philips System(s); and

(iv)    identify all communications with the customer regarding enablement of the software options in the Philips Systems.

DATED this May 14, 2021                    REED SMITH LLP


By: /s/ Christopher J. Pulido
     Christopher J. Pulido (SBN 313142)

     *Attorney for Plaintiff*

PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO SEAN WANG