UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED IMAGING SERVICES, et al.,<br><br>Defendants. | No. 2:21-cv-00876 JAM AC<br><br><br><br>ORDER |

This action was filed on May 13, 2021. ECF No. 1. On May 14, 2021, plaintiff filed a motion for preliminary injunction with a hearing date of July 6, 2021. ECF No. 5. The same day, plaintiff filed a motion for expedited discovery (ECF No. 7) and an ex parte application to shorten time (ECF No. 9), improperly noticed before the district judge. ECF No. 7. The hearings on these motions were vacated and plaintiff was instructed to comply with the local rules and notice the motions before the magistrate judge. ECF No. 13. Plaintiff filed a new combined motion to shorten time/for expedited discovery (ECF No. 15) and noticed the hearing before the undersigned for June 16, 2021. The parties later stipulated to extend the hearing date to June 23, 2020. ECF No. 26. The stipulation was granted, and the hearing was taken under submission on the papers. ECF No. 23. The motion is fully briefed. ECF Nos. 16, 28, 29.

////

1

I.     RELEVANT BACKGROUND

A.     <u>Factual Allegations of the Complaint</u>

Plaintiff Philips North America LLC ("Philips" or "Plaintiff") develops, sells, supports, maintains, and services medical imaging systems, such as computed tomography (CT) systems, x-ray systems, nuclear medicine systems, PET scanners, magnetic resonance (MR) scanners, and ultrasound machines used at hospitals and medical centers, including the proprietary hardware, software, and documentation for such systems. ECF No. 1 at 2. Defendant Advanced Imaging Services, Inc. d/b/a Advanced Imaging Parts ("AIP") is a medical device equipment servicing company that services Philips medical imaging devices, and defendant Wang Xiuyuan a/k/a Sean Wang ("Wang") is a sales manager at AIP. <u>Id.</u>

Plaintiff alleges that AIP, by and through Wang, has (1) received and used Philips' proprietary materials relating to Philips medical imaging systems by fraudulently and without authorization accessing Philips' proprietary computers and computer networks; (2) has fraudulently created, obtained, and/or used counterfeit, intentionally modified, or otherwise unauthorized Philips access control certificates, authorized versions or copies of which are only made available by Philips to Philips' developers and engineers and licensed customers; and (3) has used one or more software exploits and hacked Philips' access controls on Philips' medical imaging machines to access, without authorization, Philips' copyright-protected service and diagnostic software on its medical imaging devices, which contain Philips' trade secrets. Plaintiff brings claims for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §1030; the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"), Pen. Code, § 502; the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201; the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836; the California Uniform Trade Secrets Act ("CUTSA"); the California Unfair Trade Practices Act, Cal. Bus. & Prof. Code § 17200 et seq.; and fraud. <u>Id.</u> at 3.

Plaintiff seeks to recover damages and obtain a permanent injunction preventing defendants from accessing Philips' systems and from further disclosing and/or using Philips' confidential and trade secret information. <u>Id.</u>

2

## II. LEGAL STANDARDS

Generally, a party may not conduct discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008). However, a court may authorize early discovery "for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(2). The moving party must show good cause for the early discovery. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. To make this determination, courts often consider factors such as (1) whether a preliminary injunction is pending; (2) the purpose of the discovery request; (3) the breadth of the discovery request; and (4) the burden on the non-moving parties. See American LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009).

## III. DISCUSSION

A. Dispute Background

    1. Proposed Early Discovery Requests

Plaintiff's proposed expedited discovery requests are located at Exhibits 1-4 to their memorandum at ECF No. 16. The proposed discovery requests to AIP include the following; identical requests were made to defendant Wang unless otherwise noted by footnote herein.

Requests for Production directed to AIP:

DOC. REQUEST NO. 1:

> All documents identifying, describing, or referring to methods of accessing Philips Systems or information, including methods of disabling or circumventing access controls and/or to generate access credentials or certificates for accessing any Philips Systems, and all documents identifying, describing, or referring to how you acquired or learned of such method.

DOC. REQUEST NO. 2:

> All documents sufficient to identify every IST Certificate acquired by you and how it was acquired, including who each IST Certificate was acquired from, how it was acquired, the transaction to acquire the IST Certificate, the expiration date of each IST Certificate, and every person involved in the acquisition of the IST Certificate.

DOC. REQUEST NO. 3:

A native copy of every IST Certificate acquired by you.

DOC. REQUEST NO. 4:

All documents that include the text "sean.wang@philips.com".

DOC. REQUEST NO. 5:

All documents that include the text "philips@philips.com."

DOC. REQUEST NO. 6:

All documents that include the text "123@philips.com."

DOC. REQUEST NO. 7:[1]

All documents regarding your service of a Philips System at: (A) SimonMed Imaging in Beverly Hills, California (B) Providence Saint John's Health Center in Santa Monica, California

DOC. REQUEST NO. 8:

Documents sufficient to identify the following information for each time you serviced a Philips System:

- Customer name (and primary contractor name if you were subcontracted);
- Customer address;
- IST Certificate used and its expiration date;
- Make, model, and unique identifiers (e.g., serial numbers) of all machine(s) serviced;
- Location(s) of all machine(s) serviced;
- Employee(s), contractor(s), and/or others who performed service(s);
- Date(s) of service(s) performed;
- Service(s) performed;
- Philips entitlements to perform such service(s); and
- Amounts billed for service(s) performed.

////

---

[1] The RFP to defendant Wang references only Providence St. John's Healthcare. ECF No. 15-1 at 24.

DOC. REQUEST NO. 9:

Any and all scripts, macros, commands, computer applications, key generators, executables, or files you have copied to, installed on, or otherwise utilized to access or use Philips Systems, or have provided to third parties to access or use Philips Systems, and all documents regarding such scripts, commands, or files.

DOC. REQUEST NO. 10:[2]

A forensic copy of, or the opportunity to inspect, any and all hardware or other physical devices that you have used or have provided to third parties for attachment to or interface with Philips Systems in connection with or related to your or third-party access to or service of Philips Systems, and all documents regarding such hardware or other physical devices.

DOC. REQUEST NO. 11:

A forensic copy of, or the ability to inspect, any laptop or other computer utilized by you to gain access to, copy files to, or otherwise modify files on, or provide services to a Philips System.

DOC. REQUEST NO. 12:

A forensic copy of, or the ability to inspect, each USB drive, Philips Smartcard or hardware key utilized by you to gain access to, copy files to, or otherwise modify files on, or provide services to a Philips System, including but not limited to, Philips Systems at SimonMed Imaging in Beverly Hills, California and Providence Saint John's Health Center in Santa Monica, California.[3]

DOC. REQUEST NO. 13:

For each user of each computer within your possession, custody or control, an export of the following Microsoft Windows registry hive keys or subkeys:

- HKEY_LOCAL_MACHINE\SYSTEM\CurrentControlSet\Control\ComputerName\.

- HKEY_LOCAL_MACHINE\SYSTEM\CurrentControlSet\Services\Tcipip\Parameters.

- HKEY_CURRENT_USER\Software\Philips[4]

---

[2] The associated RFP to defendant Wang reads: "A forensic copy of, or the opportunity to inspect, any and all hardware or other physical devices, including, but not limited to, a computer named "MS-20170704NIDS.", and any other devices that you have used or interface with Philips Systems, and all documents regarding such hardware or other physical devices." ECF No. 15-1 at 25.

[3] The RFP to defendant Wang references only Providence St. John's Healthcare. ECF No. 15-1 at 26.

[4] The RFP to defendant Wang omits the final two bullet points. Id.

5

- HKEY_CURRENT_USER\SOFTWARE\Wow6432Node\Software\Philips

DOC. REQUEST NO. 14:

Any document that includes a Philips IST activation code.

DOC. REQUEST NO. 15:

A copy of any document that includes any of the following terms: "FSE: 12345", "FSE: 137426", "FSE: 164072", or "FSE: 176085".

DOC. REQUEST NO. 16:[5]

A forensic copy of, or the opportunity to inspect, the computer named "MS-20170704NIDS".

DOC. REQUEST NO. 17:

Documents sufficient to identify any software used by you for the purpose of or in connection with the servicing of any Philips System.

DOC REQUEST NO. 18:

All documents and communications related to 626 Holdings, Inc. and/or Alexander Kalish.

Interrogatories Directed to AIP

INTERROGATORY NO. 1: List all IST Certificates you acquired or generated to access Philips Systems, whether acquired from Philips or not, and for each IST Certificate:

(i) identify who the IST Certificate was acquired from or who generated it;

(ii) explain how the IST Certificate was acquired or generated;

(iii) identify the date the IST Certificate was acquired or generated, its expiration date, and how the expiration date was set;

(iv) identify any amount paid for the IST Certificate;

(v) describe the transaction through which the IST Certificate was acquired or generated;

(vi) identify every person involved in the acquisition of the IST Certificate;

---

[5] The RFP to defendant Wang reads: "All documents that refer to or are related to the computer or device named "MS-20170704NIDS". ECF No. 15-1 at 26.

(vii) identify every person to whom you provided the IST Certificate;

(viii) identify the username and password used with each IST Certificate; and

(ix) identify every Philips System upon which the IST Certificate was used.

INTERROGATORY NO. 2:

Identify all persons, including your employees as well as contractors and other third parties, whom you have trained or who have trained you, or otherwise provided any information regarding how to gain access to Philips Systems, software, or documents, and describe the training that was conducted and the information that was provided.

INTERROGATORY NO. 3:

Identify each customer (by facility name and address) where you have serviced Philips Systems or sold Philips Systems or sold parts for Philips Systems, the dates of such sales or service, and who was involved in such sales or service.

INTERROGATORY NO. 4:

Identify each email address that AIP[6] used in any way in connection with its work related to any Philips Systems, including emails used to register IST Certificates, and any other tool, service, or machine that required an email address.

INTERROGATORY NO. 5:

Identify and list all customers (by facility name and address) on whose Philips Systems you enabled software options. For each such customer:

(i) identify by make, model, and unique identifiers (e.g., serial number) of the Philips System on which such software was enabled;

(ii) for each such Philips System, identify the IST Certificate used to enable the software options, and provide the IST Certificate information requested in response to Interrogatory No. 1;

(iii) identify all internal communications regarding enablement of the software options in the Philips System(s); and

(iv) identify all communications with the customer regarding enablement of the software options in the Philips Systems.

////

---

[6] The interrogatory to defendant Wang reads "you" instead of "AIP." ECF No. 15-1 at 32.

7

## 2. Plaintiffs' Position

Plaintiff argues that the proposed early discovery is narrowly tailored, reasonable, and bears directly on its pending Motion for Preliminary Injunction. ECF No. 16 at 4. The goal of the early discovery is to learn the current scope of defendants' misconduct. Id. Plaintiff argues that defendants have been and are continuing to improperly access its systems, and that the preliminary injunction and associated early discovery go directly to the ongoing abuses. ECF No. 29 at 3. Plaintiffs argue that the proposed early discovery falls into the following categories:

> 1. Method of circumventing Philips' access controls (ROG No. 1; RFP No. 1)
>
> 2. Fake IST certificates (RFP 2-3;14-15)
>
> 3. Fake IST certificate registration emails (ROG 4; RFP 4-6)
>
> 4. Documents about two known facilities (RFP 7)
>
> 5. Information about unknown facilities that likely will show the same conduct since Jan. 1, 2020 (ROG 3, 5; RFP 8)
>
> 6. Information about the technical tools used to circumvent protections (RFP 9-13, 16-17)
>
> 7. Other possible wrong doers (ROG 2, RFP 18).

ECF No. 29 at 7.

## 3. Defendants' Position

Defendants oppose plaintiff's motion on the ground of untimeliness, arguing that plaintiff was aware of the alleged wrongdoing for more than a year before filing its complaint, and thus any attempt at expedited discovery is a manufactured emergency. ECF No. 28 at 6. Defendants also argue that plaintiff failed to comply with California Civil Code of Procedure § 2019.210, precluding it from discovering information to its trade secret allegations. Id. Defendant further contends that the discovery sought is not as narrowly tailored as plaintiff describes. Specifically, defendants take issue with RFP No. 8 and Interrogatories 3 and 5, which seek information related to all customer names and addresses, locations serviced dates of service performed, and names of employees who ever performed service on a Philips system. ECF No. 28 at 15. Defendants also argue RFPs 1-13, 16-17, and interrogatory 4 are overbroad, allowing plaintiff to obtain all

8

information on internal and external hard drives, hardware or physical devices, computer applications, laptops or computers, software and email addresses belonging to defendants. Id. at 16.

B. <u>Analysis</u>

On review of the parties' positions and in light of the timeline of this case, the court finds that plaintiffs have demonstrated good cause to conduct expedited discovery. Plaintiff is seeking limited discovery directly related to a pending motion for a preliminary injunction aimed at quelling alleged ongoing abuse of its systems. The court agrees that the requested discovery will aid in the resolution of the pending motion. <u>See e.g.</u>, <u>Quia Corp. v. Mattel</u>, 2010 WL 2179149 (N. D. Cal. 2010); <u>see also</u> Advisory Committee Notes to the 1993 amendments to Rule 26(d) (noting that discovery before the Rule 26(f) conference "will be appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction."). The pendency of the preliminary injunction motion and the related purpose of the proposed discovery both weigh in favor of allowing early discovery. The court is not persuaded by defendants' timeliness argument, as ongoing abuse is alleged. Nor is the court persuaded by defendant's trade secret argument; because the preliminary injunction motion and associated early discovery is not predicated on plaintiff's trade secret cause of action, the court finds this argument inapposite.

Though defendant contends that the proposed discovery is not reasonably tailored to the preliminary injunction motion, the court disagrees. Plaintiff has identified how each interrogatory and each request for production is related to the pending motion and thus appropriate for early discovery. The court finds the breadth of the discovery request reasonable, and while there will be a burden on defendants in being required to participate in limited discovery early in the case and on an expedited timeline, that burden is outweighed by the interests of justice. The expedited discovery will aid the court in resolving the preliminary injunction motion and, if necessary, appropriately tailoring any relief ordered. In sum, there is good cause for early discovery in this case.

////

9

## IV. CONCLUSION

The court finds that Philips has shown good cause in that its need for expedited discovery outweighs any prejudice to defendants Advanced Imaging Services, Inc. d/b/a Advanced Imaging Parts and Wang Xiuyuan a/k/a Sean Wang. Accordingly, good cause appearing, plaintiff's motion to shorten time and for expedited discovery (ECF No. 15) is GRANTED. The pending motions at ECF Nos. 7 and 9 are duplicative and are STRICKEN as MOOT.

Exhibits 1-4 to Philips' motion, which are attached at ECF No. 16, Exhibits 1-4, are hereby deemed served. Defendants shall respond to plaintiff's requests for production of documents and things and the propounded interrogatories no later than fourteen (14) days from the date of this order. Philips may, if necessary to clarify any written discovery from defendants, notice a deposition of defendants. Defendants shall appear for that deposition at a mutually agreeable place and time but in no event greater than thirty (30) days from the date of this order.

IT IS SO ORDERED.

DATED: June 24, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE