UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED IMAGING SERVICES, et al.,<br><br>Defendants. | No.  2:21-cv-00876 KJM AC<br><br><br><br>ORDER |

This action was filed on May 13, 2021.  ECF No. 1.  Presently before the court is plaintiff's motion to compel discovery responses, ECF No. 106, which was taken under submission on the papers, ECF No. 107.  The undersigned has previously ruled on one motion to compel and one motion for a protective order.  ECF No. 57.  The discovery deadline is currently August 12, 2022.  ECF No. 94.  For the reasons explained below, the motion at ECF No. 106 is GRANTED in part and DENIED in part.

## I.  BACKGROUND

Plaintiff Philips North America LLC ("Philips" or "Plaintiff") develops, sells, supports, maintains, and services medical imaging systems, such as computed tomography (CT) systems, x-ray systems, nuclear medicine systems, PET scanners, magnetic resonance (MR) scanners, and ultrasound machines used at hospitals and medical centers, including the proprietary hardware,

software, and documentation for such systems. ECF No. 1 at 2. Defendant Advanced Imaging Services, Inc. d/b/a Advanced Imaging Parts ("AIP") is a medical device equipment servicing company that services Philips medical imaging devices, and defendant Wang Xiuyuan a/k/a Sean Wang ("Wang") is a sales manager at AIP. Id.

Plaintiff alleges that AIP, by and through Wang, has (1) received and used Philips' proprietary materials relating to Philips medical imaging systems by fraudulently and without authorization accessing Philips' proprietary computers and computer networks; (2) has fraudulently created, obtained, and/or used counterfeit, intentionally modified, or otherwise unauthorized Philips access control certificates, authorized versions or copies of which are only made available by Philips to Philips' developers and engineers and licensed customers; and (3) has used one or more software exploits and hacked Philips' access controls on Philips' medical imaging machines to access, without authorization, Philips' copyright-protected service and diagnostic software on its medical imaging devices, which contain Philips' trade secrets. Plaintiff brings claims for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §1030; the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"), Pen. Code, § 502; the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201; the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836; the California Uniform Trade Secrets Act ("CUTSA"); the California Unfair Trade Practices Act, Cal. Bus. & Prof. Code § 17200 et seq.; and fraud. Id. at 3. Plaintiff seeks to recover damages and obtain a permanent injunction preventing defendants from accessing Philips' systems and from further disclosing and/or using Philips' confidential and trade secret information. Id.

## II.   LEGAL STANDARDS

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether

2

>the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, discovery must be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim. Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005).

### III. DISCUSSION

A. Scope of the Dispute

Plaintiff seeks an order compelling further responses to various requests for admission and requests for production, and overruling objections that are summarized as follows:

>Definition Objections: Defendants objected to certain discovery requests that contain the terms "materials," "software," "Philips CT systems," "Philips MR systems," and "IST Certificate", among others, claiming that the terms were "vague, ambiguous, and overbroad", rendering the requests "too uncertain and unintelligible" for Defendants to "wager a guess as to what Philips means."2 (RFA Nos. 1-4, 9, 16, 20-30, 60-62; RFP 44)
>
>Dongle vs. IST Certificate Distinction: Defendants have objected to certain discovery requests related to Defendants' use of unauthorized Philips IST Certificates, limiting their responses only to use of the "dongle" they possess, which Philips asserts renders them non-responsive. (RFP Nos. 38-43; RFA Nos. 7, 17-19, 31-38, 40-47, 59)

Privacy/Constitution Objections: Defendants objected on "privacy" and "Constitution" grounds to discovery requests seeking information about their servicing or use of Philips systems in China. (RFP Nos. 34, 36-37; Interrogatory No. 12)

Financial Records: Defendants have refused to produce financial information (revenue, profit, compensation) associated with their servicing of Philips systems. (RFP No. 45)

Previously Promised Supplemental Responses: After the meet and confer, Defendants agreed to supplement their responses to certain requests by March 22. As of the date of this filing, Defendants have not provided these agreed supplemental responses. (RFA Nos. 5 and 6; Interrogatory Nos. 3, 5, and 13; RFP No. 44 and 46)

ECF No. 109 (Joint Statement) at 3. Second supplemented discovery responses are available at ECF No. 109-6 and relevant portions are reproduced below for ease of reference.

  B. Definition Objections

Plaintiff asks the court to overrule defendants' objections to RFA Nos. 1-4, 9, 16, 20-30, 60-62 and RFP 44 on grounds that various terms are vague, ambiguous, and/or overbroad. ECF No. 109 at 7-12. A representative sampling of the RFAs and RFPs at issue read as follows, with objected-to words bolded:

DOCUMENT REQUEST NO. 44:

> All documents and communications evidencing all information You have **obtained**, viewed, **accessed** and/or **used** through **using** any **IST Certificate** or dongle to service **Philips Systems**.

REQUEST FOR ADMISSION NO. 1:

> Admit that You have **used** Philips' **IST Client Software**.

REQUEST FOR ADMISSION NO. 2:

> Admit that You have **used materials designated** by Philips as **CSIP Level 1** or higher to service **Philips Systems**.

REQUEST FOR ADMISSION NO. 4:

> Admit that You have never obtained Philips' authorization to **access materials designated** by Philips as **CSIP Level 1** or higher.

REQUEST FOR ADMISSION NO. 9:

> Admit that You used a dongle containing a **Philips IST Certificate** to **access materials designated** by Philips as **CSIP Level 1** or higher to service **Philips Systems** at SimonMed Daly City.

4

1  REQUEST FOR ADMISSION NO. 20:

2        Admit that You **used** the **'342 Certificate** to access a **Philips system**.

3  REQUEST FOR ADMISSION NO. 21:

4        Admit that You **used** the **'342 Certificate** to service **a Philips system**.

5  REQUEST FOR ADMISSION NO. 22:

6        Admit that You **used** the **'342 Certificate** to **access materials** designated by Philips as **CSIP Level 1** or higher to service **Philips Systems.**

7  REQUEST FOR ADMISSION NO. 62:

8        Admit that **Philips Systems** include **software** that You cannot access without the use of a dongle containing an **IST Certificate** with **entitlements** to **access materials** designated by Philips as CSIP Level 1 or higher.

ECF No. 109-6.

"The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity by demonstrating that more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases." Thomas v. Cate, 715 F. Supp. 2d 1012, 1030 (E.D. Cal. 2010), order clarified, No. 1:05-cv-01198-LJO-JMD-HC, 2010 WL 797019 (E.D. Cal. Mar. 5, 2010) (internal citations omitted). Defendants do not meet their burden. Defendants argue that "[v]ague terms such as 'used' and 'accessed,' render Philips' requests unintelligible. For example, Request for Admission No. 16, asks Defendants to "Admit that You used the '563 Device Dongle to access materials designated by Philips as CSIP Level 1 or higher to service Philips Systems" but does not define what is meant by the term 'used' or 'accessed.' Defendants cannot ascertain how Philips means Defendants "used" the dongle or what is encompassed by 'access.'" ECF No. 109 at 20. The court fails to see any ambiguity in ordinary terms such as "use," and defendants' conclusory assertions that these common words are unintelligible in context does not pass muster.

As to more technical terms, such as "IST Certificate" and "CSIP," these terms are adequately defined in the definition sections of the discovery requests and in supplemental definitions. See Exhibit A at A-002-004; A-011-13; A-023-025; A-035-037; A-042-044; Exhibit

B at B-002-004; B-008-010; B-015-017, Exhibit D.  Defendants must either produce remaining responsive documents or confirm via affidavit that there are no documents being withheld based on the definition objections.  The motion to compel on this point is granted.

### C. Dongle v. IST Certificate Distinction

Defendants have objected to certain discovery requests related to their alleged use of unauthorized Philips IST Certificates, limiting their responses to use of the "dongle" they possess, which Philips asserts renders them non-responsive.  (RFP Nos. 38-43; RFA Nos. 7, 17-19, 31-38, 40-47, 59).  Defendants maintain that they know only

> … that they purchased a dongle from Alex Kalish, which would allow them to service Philips equipment.  Defendants were not involved in creating the dongle and do not know its contents or properties, other than that it provides them the ability to service Philips equipment as requested through Defendants' contracts with third party customers.  Defendants are not Philips employees and do not have full knowledge of the meaning of the phrase 'IST Certificate' which Philips ascribes to the term.  Therefore, Defendants responded to Philips's discovery regarding the use of a dongle or IST Certificate to the full extent their knowledge permitted, which meant admitting to use of a dongle, but denying use of an IST Certificate.

ECF No. 109 at 23.

The court finds defendants' purported ignorance not to be credible.  As this court has previously recognized, a dongle is an off-the-shelf smart card reader; and the IST Certificate is a digital key loaded onto the smart card inserted in the reader (i.e., the dongle). ECF No. 57 at pp. 9-10.  It defies credulity that defendants purchased an empty dongle.  Given their experience in the world of technology, and in this litigation, it is also not credible that they do not know what "IST Certificate" means in the context of this discovery request.  The motion is GRANTED on this point.

### D. Privacy/Constitutional Objections re: China Related Production

Plaintiff asks to compel responses to interrogatories seeking information about defendants' "business activities in China" (Interrogatory 12 and RFPs 34, 36, and 37), arguing that defendants improperly objected on unjustified "Constitution-related" grounds.  ECF No. 109 at 13.  The discovery requests and responses at issue read:

INTERROGATORY NO. 12:

> Describe in detail Your business in China, including without limitation, Your sale of parts for Philips Systems to customers in China, and for each such sale, provide the date of sale, the part(s) sold, the source of the part(s), and the distributor and end user who purchased such part(s); and Your servicing of Philips Systems in China, and for each such service, provide the date of service, the identity of the Philips System serviced, and the customer whose Philips System You serviced.

DOCUMENT REQUEST NO. 34:

> All documents and communications related to Your harvesting of parts from Philips Systems for sale in China

DOCUMENT REQUEST NO. 36:

> All documents and communications related to Your sale of parts for Philips Systems to customers is China.

DOCUMENT REQUEST NO. 37:

> All documents and communications related to Your servicing of Philips Systems in China.

ECF No. 198-6 at 69-72, 93.

As an exhibit to the joint statement, Mr. Wang has submitted a sworn declaration that neither he nor Advanced Imaging has ever serviced Philips equipment in China, nor have they used a dongle in connection with any equipment in China. ECF No. 109-18. Plaintiff submits a counter-affidavit in which Program Manager for Customer Service Intellectual Property Governance for plaintiff, Jacqueline Dickenson, declares that records at her disposal indicate defendant's IST certificate has indeed been used in China. ECF No. 109-8. In his deposition, Mr. Wang testified that Advanced Imaging does sell parts in China that were harvested from systems within the United States. ECF No. 109-9 at 23.

Defendants' constitutional objections are unexplained in the joint statement, and are therefore rejected as unsupported. Any privacy concerns are addressed by the protective order entered in this case. ECF No. 49. However, defendants' declaration states that they have never serviced equipment in China; this amounts to an assertion that there are no responsive documents with respect to RFP No. 37. Accordingly, there is nothing for the court to compel. To the extent plaintiffs would challenge the veracity of Mr. Wang's statements on this point, they can do so at

1  trial. Mr. Wang did, however, admit in his deposition to sales in China. The remaining discovery

2  (Interrogatory 12, RFPs 34 and 36) addresses the issue of sales. Defendants present no argument

3  as to why the inquiries as to sales should not be responded to, and their responses will be

4  compelled.

    E.  <u>Financial Records</u>

        Plaintiffs assert that defendants have failed to produce financial records in response to RFP No. 45. The request and response read:

<u>DOCUMENT REQUEST NO. 45:</u>

> Documents sufficient to show monetary compensation, on a monthly basis, that You received from servicing Philips Systems at any location.

<u>RESPONSE TO DOCUMENT REQUEST NO. 45:</u>

> Responding Party objects to this request on the grounds that it is overly broad, and unduly burdensome, including as to the applicable date range. Responding Party further objects to this request on the grounds that the term "Philips Systems" is vague, ambiguous, and overbroad. Responding Party objects to this request on the grounds that this request seeks confidential, financial or commercially sensitive information, the discovery of which could negatively impact Responding Party's competitive or business position or result in a breach by Responding Party of an obligation to a third-party to maintain such information as confidential. Responding Party further objects on privacy grounds under the Constitution of the United States and the California Constitution. Responding Party further objects to this request on the grounds that it is irrelevant, and seeks information that is not relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party's salary does not denote which customers and/or which manufacturers' machines Responding Party services, nor is it based on such a breakdown.
>
> Without waiving said objections, Responding Party has conducted a diligent search and made a reasonable inquiry and no such records exist or have ever existed in that Responding Party is not compensated in such a manner.

ECF No. 109-7.

        Defendants argue that because it does not bill customers or compensate employees, including Mr. Wang, based on individual pieces of equipment or by equipment manufacturer, it does not have any responsive documents. ECF No. 109 at 25. The undersigned finds this answer and explanation responsive to the discovery request as currently drafted. "A party . . . is not

8

required to create a document where none exists." Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012). No further response to RFP No. 45 will be compelled.

### F. Previously Promised Supplemental Responses

Plaintiff has documented defendants' agreement to supplement their responses to RFA Nos. 5 and 6, 21 Interrogatory Nos. 3 and 5 (to identify additional customers where Defendants service Philips equipment) and produce documents responsive to RFP No. 46 (where Defendants have agreed to produce a list of employees) by March 22. See Exhibit L. AIP agreed to supplement its responses to Interrogatory No. 13 and RFP No. 44 (which ask AIP to "[d]escribe in detail all information You have obtained, viewed, accessed and/or used through using any IST Certificate or dongle to service Philips Systems" (see Exhibit B at B-005), and produce documents and communications evidencing such information (see Exhibit B at B-011)). Plaintiff represents that the supplemented responses have not been timely produced. Defendants respond that they have "repeatedly represented" the supplementation is "forthcoming," but that Mr. Wang has been largely unavailable following the birth of his first child. ECF No. 109 at 26.

Because the parties agree the supplementation is due and owing but defendants do not provide any specific timeframe that they expect to complete production, the court will compel completion within 21 days of entry of this order.

### G. Attorney's Fees and Costs

Because plaintiff's motion to compel is granted in part and denied in part, an award of fees and costs may be appropriate pursuant to Federal Rule of Civil Procedure 37(a)(5)(C). The appropriate method for computing fees in this case is the lodestar approach, in which the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. Cunningham v. County of Los Angeles, 879 F.2d 481, 484 (9th Cir. 1988). "The measure to be used 'is not actual expenses and fees but those the court determines to be reasonable.'" Matter of Yagman, 796 F.2d 1165, 1184–85 (9th Cir. 1986).

The specific award regarding fees and costs will be issued by separate order following plaintiff's submission of a billing statement and rate request. Defendants will have an opportunity to submit an opposition to plaintiff's request, which should include any argument

regarding apportionment. Plaintiff should note that the court will apply local Sacramento rates regardless of counsel's office location absent a very strong showing that it should do otherwise. See, e.g., Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ., No. 2:11-cv-3471 KJM AC, 2016 WL 4375015, at *13 (E.D. Cal. Aug. 17, 2016).

## IV.   CONCLUSION

Plaintiff's motion to compel (ECF No. 106) is GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED insofar as the court overrules defendants' objections on vagueness grounds and defendants are ordered to supplement their responses to RFA Nos. 1-4, 9, 16, 20-30, 60-62 and RFP 44;

2. The motion is GRANTED as to the objections regarding defendants' understanding of the term "IST Certificate" and defendants are ordered to supplement their responses to RFP Nos. 38-43; RFA Nos. 7, 17-19, 31-38, 40-47, 59;

3. The motion is DENIED as to the financial records request (RFP No. 45);

4. The motion is DENIED as to RFP No. 37 as it relates to servicing in China, but GRANTED as to discovery into sales in China; defendants are ordered to supplement their responses to Interrogatory 12 and RFPs 34 and 36 accordingly;

5. The motion is GRANTED as to production of agreed supplemental responses (RFA Nos. 5 and 6, 21; Interrogatory Nos. 3, 5, 13; and RFP Nos. 44 and 46);

6. Defendants are ORDERED to produce all compelled discovery responses as described above within 21 days of entry of this order; and

7. The parties are ORDERED to brief the issue of costs and attorney's fees. Plaintiff shall submit the necessary billing statements and affidavits within 14 days of this order. Should defendants object to the amount of requested fees and costs, they may submit an

////
////
////
////

opposition within 7 days of plaintiffs' filing.  The court will consider all briefing before issuing a separate order.

IT IS SO ORDERED.

DATED: May 3, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11