UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED IMAGING SERVICES, et al.,<br><br>Defendants. | No. 2:21-cv-00876 KJM AC<br><br><br><br>ORDER |

This action was filed on May 13, 2021. ECF No. 1. Presently before the court is plaintiff's third motion to compel discovery, ECF No. 115, which was taken under submission on the papers, ECF No. 116. The undersigned has previously ruled on two motions to compel and one motion for a protective order. ECF No. 57, 118. The discovery deadline has been extended to December 13, 2022. ECF No. 119. For the reasons explained below, the motion at ECF No. 115 is DENIED.

**I.   BACKGROUND**

Plaintiff Philips North America LLC ("Philips" or "Plaintiff") develops, sells, supports, maintains, and services medical imaging systems, such as computed tomography (CT) systems, x-ray systems, nuclear medicine systems, PET scanners, magnetic resonance (MR) scanners, and ultrasound machines used at hospitals and medical centers, including the proprietary hardware,

1

software, and documentation for such systems. ECF No. 1 at 2. Defendant Advanced Imaging Services, Inc. d/b/a Advanced Imaging Parts ("AIP") is a medical device equipment servicing company that services Philips medical imaging devices, and defendant Wang Xiuyuan a/k/a Sean Wang ("Wang") is a sales manager at AIP. Id.

Plaintiff alleges that AIP, by and through Wang, has (1) received and used Philips' proprietary materials relating to Philips medical imaging systems by fraudulently and without authorization accessing Philips' proprietary computers and computer networks; (2) has fraudulently created, obtained, and/or used counterfeit, intentionally modified, or otherwise unauthorized Philips access control certificates, authorized versions or copies of which are only made available by Philips to Philips' developers and engineers and licensed customers; and (3) has used one or more software exploits and hacked Philips' access controls on Philips' medical imaging machines to access, without authorization, Philips' copyright-protected service and diagnostic software on its medical imaging devices, which contain Philips' trade secrets. Plaintiff brings claims for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §1030; the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"), Pen. Code, § 502; the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201; the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836; the California Uniform Trade Secrets Act ("CUTSA"); the California Unfair Trade Practices Act, Cal. Bus. & Prof. Code § 17200 et seq.; and fraud. Id. at 3. Plaintiff seeks to recover damages and obtain a permanent injunction preventing defendants from accessing Philips' systems and from further disclosing and/or using Philips' confidential and trade secret information. Id.

## II. LEGAL STANDARDS

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether

>the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.  Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26.  Under the amended Rule 26, discovery must be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1).  If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections.  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).  General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim.  Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005).

### III.   DISCUSSION

Plaintiff seeks an order compelling further responses to two requests for production ("RFPs").  The RFPs and respective responses at issue are:

>RFP No. 10:
>
>A forensic copy of, or the opportunity to inspect, any and all hardware or other physical devices, including but not limited to, a computer named "MS-20170704NIDS.", and any other devices that you have used or interface[d] with Philips Systems, and all documents regarding such hardware or other physical devices.
>
>AMENDED RESPONSE TO DOCUMENT REQUEST NO. 10:
>
>Responding Party conducted a diligent search and reasonable inquiry, which included reviewing Responding Party's emails, computers, and paper records and confirms that no such documents responsive to this request are in his possession, custody, or control, or than [sic] the dongles acquired by Responding Party. Responding

3

>Party will allow Plaintiff the ability to inspect, in person, the dongles acquired by Responding Party.
>
>RFP No. 11:
>
>A forensic copy of, or the ability to inspect, any laptop or other computer utilized by you to gain access to, copy files to, or otherwise modify files on, or provide services to a Philips System.
>
>AMENDED RESPONSE TO DOCUMENT REQUEST NO. 11:
>
>Responding Party conducted a diligent search and reasonable inquiry, which included reviewing Responding Party's emails and computers, and no tangible thing responsive to this request is in his possession, custody, or control. No such laptop or computer exists or has ever existed because Responding Party never used any laptop or computer to gain access to a Philips system.

ECF No. 124 (Joint Statement) at 2-3.

Plaintiff seeks to conduct a forensic examination of defendants' computers and other devices used to interface with, or used in connection with, defendants' service of Phillips systems. ECN No. 124 at 3. Defendants vehemently deny that any such devices exist, asserting they "have never remotely accessed Philips equipment, or used any of their computers or any other electronic devices owned by Defendants to remotely access Philips' equipment." Id. at 16. Defendants have submitted an affidavit from Sean Wang, Chief Operating Officer of Advanced Imaging Services, in which Mr. Wang makes a sworn statement that "Neither Advanced Imaging nor myself have at any point remotely accessed Philips equipment, or used any of our computers or any other electronic devices to remotely access Philips equipment." ECF No. 124-10 at 2.

Plaintiff contends defendants are being untruthful, arguing it has evidence that defendants have used fake IST certificates up until April 7, 2022, and that defendants have previously admitted (in later recanted request for admission) that they serviced Philips Systems remotely. ECF No. 124 at 5-6. Mr. Wang states in his sworn declaration that "Defendants have not used any IST certificates during this litigation including up until April 7, 2021. Moreover, contrary to Philips' claims, neither Advanced Imaging nor myself have accessed an IST certificate remotely via our computers or electronic devices to connect to Philips equipment." ECF No. 124-10 at 3.

In the absence of evidence to the contrary, plaintiff is required to accept defendants' sworn statement that responsive documents/devices do not exist. See e.g., Sanchez v. County of

4

Sacramento Sheriff;s Dep't, No. 2:19-CV-01545 MCE AC, 2021 WL 2292776, at *3 (E.D. Cal. June 4, 2021); Mootry v. Flores, 2014 WL 3587839, *2 (E.D. Cal. 2014) ("Defendants cannot be required to produce documents that do not exist.  Absent evidence to the contrary, which has not been presented, Plaintiff is required to accept Defendants' response no such documents exist."); accord, Holt v. Nicholas, 2014 WL 250340, *4 (E.D. Cal. 2014) ("Absent evidence to the contrary, which has not been presented, Plaintiff is required to accept Defendant's amended response that no such documents responsive to his request exist.").  Plaintiff has failed to put forth any concrete evidence that that defendants are being untruthful in their assertions or were incomplete in their search.  Instead, plaintiff asserts that defendant's contentions are dubious in light of defendant's own walked-back prior admissions, which defendants contend were made based on misunderstandings.  See Ex. G, Wang Tr. at 39:7-11; see also, amended Response to RFA No. 58 at Ex. E and Ex. C.

      Plaintiff further argues that evidence that its system logs show that a fake IST certificate was presented using a computer connection supports the conclusion that defendants used a fake IST certificate via computer as recently as April 7, 2022 (Exhibit H), but defendants deny that the Philips Logs contradict their response and argue that without having first had an opportunity to complete a 30(b)(6) deposition of Philips, which is scheduled for July of 2022, defendants cannot comment on the meaning of the purported records. The court cannot conclude that the records definitively contradict defendants' sworn statements.  In the absence of clear, concrete evidence to the contrary, the court will accept the defendants' sworn statements that no responsive documents/devices exist and will not compel production.  Plaintiff has not met its initial burden with respect to these requests, and the motion is therefore DENIED.  The court recognizes, however, that this topic is complex, and discovery is ongoing.  Thus, denial is without prejudice should concrete evidence that Mr. Wang has perjured himself with respect to this motion emerge.

////

////

////

////

### IV. CONCLUSION

Plaintiff's motion to compel (ECF No. 115) is DENIED.

IT IS SO ORDERED.

DATED: June 2, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE