UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC, | No. 2:21-cv-00876-JAM-AC |
| Plaintiff, | |
| v. | ORDER |
| ADVANCED IMAGING SERVICES, INC., | |
| Defendant. | |

On May 3, 2022, the undersigned granted in part plaintiff's motion to compel and informed the parties that plaintiff would be awarded fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and E.D. Cal. R. ("Local Rule") 230. ECF No. 118. The court stated that the lodestar approach to fee calculation would be used, and an award would issue following plaintiff's submission of a proper billing statement; defendants were provided an opportunity to object to plaintiff's fee petition. Id. Plaintiff's counsel submitted a timely petition for fees with an appropriate billing statement. ECF No. 120. Plaintiff seeks compensation for a total of 70.30 billed hours at the rate of $350/hour (the local rate typically applied in this district) for a total request of $24,605.00. ECF No. 120 at 4. Defendants filed an opposition arguing that plaintiffs included improper fee categories in their request, including billing for meet and confer activities, and that the time plaintiffs allegedly spent on the motion to compel was excessive. ECF No. 121.

1

The court agrees with defendant that a fee award related to a motion to compel "does not entitle [plaintiffs] to recover fees for everything they have ever done related to discovery in this case." However, it is not the case that time spent on meet and confer efforts is categorically non-compensable. See Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ., No. 2:11-CV-03471-KJM-AC, 2017 WL 2492850, at *3 (E.D. Cal. June 9, 2017). To be recoverable, billable hours must be "sufficiently related" to the motion to compel at issue. Id. Here, the court has thoroughly reviewed the billing statement submitted by plaintiffs (ECF No. 120-2) as well as the associated affidavit and petition (ECF Nos. 120, 120-1). The court finds that the billed hours are sufficiently related to the motion to compel to be awardable.

Defendants further argue that the fee award must be apportioned to reflect that the motion to compel was not entirely successful: it was denied as to two discovery requests (representing two issues) and granted as to 51 discovery requests (representing four issues). ECF No. 121 at 4-5; ECF No. 118 at 10. Plaintiff asserts that to account for the partial victory it excluded 25 hours from its request. ECF No. 120 at 2. Defendant argues this was not enough. ECF No. 125 at 4-5. According to the court's calculations, 3.84% of plaintiff's motion was denied by question, and 33% was denied by topic. The court concludes that the reduction of 25 hours from what would have been a 95.3-hour bill (26%) sufficiently accounts for the portion of the motion to compel that was unsuccessful.

For all these reasons the fee petition is GRANTED, and plaintiffs are awarded the requested $24,605.00 in attorney's fees.

IT IS SO ORDERED.

DATED: June 6, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE