UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC, | No. 2:21-cv-00876 DAD AC |
| Plaintiff, | |
| v. | ORDER |
| ADVANCED IMAGING SERVICES, et al., | |
| Defendants. | |

This action was filed on May 13, 2021. ECF No. 1. Presently before the court is the fourth motion to compel discovery that has been filed in this case, which is a reopening of plaintiff's third motion to compel (ECF No. 115, order at ECF No. 126). ECF No. 140. The parties filed the required joint statement, along with exhibits. ECF No. 151. A hearing was held on January 11, 2023, before the undersigned with counsel for both plaintiff and defendants present. Both sides presented extensive oral argument. All parties involved are familiar with the case history, and the legal standards that apply to discovery are familiar and need not be repeated here. See Rule 26(b)(1), Fed. R. Civ. P.

**I.    Motion to Compel**

On June 3, 2022, the undersigned denied plaintiff's motion to compel a forensic examination of defendants' computers and other devices that were used to interface with, or that

1

were used in connection with, defendants' servicing of Phillips systems.  ECN No. 124 at 3; ECF No. 126 at 4.  The two interrogatories at issue read as follows:

RFP No. 10:

> A forensic copy of, or the opportunity to inspect, any and all hardware or other physical devices that you have used or have provided to third parties for attachment to or interface with Philips Systems in connection with or related to your or third-party access to or service of Philips Systems, and all documents regarding such hardware or other physical devices.

RFP No. 11:

> A forensic copy of, or the ability to inspect, any laptop or other computer utilized by you to gain access to, copy files to, or otherwise modify files on, or provide services to a Philips System.

ECF No. 124-2.

The court denied the motion to compel without prejudice, noting that defendants "vehemently deny that any such devices exist" and that they had submitted an affidavit from Sean Wang, Chief Operating Officer of Advanced Imaging Services, in which Mr. Wang makes a sworn statement that "Neither Advanced Imaging nor myself have at any point remotely accessed Philips's equipment, or used any of our computers or any other electronic devices to remotely access Philips equipment."  ECF No. 124-10 at 2.  The order denying the motion noted that the matter could be re-opened if additional information called Mr. Wang's statement in to doubt, but ruled that absent "clear, concrete evidence to the contrary, the court will accept the defendants' sworn statements that no responsive documents/devices exist and will not compel production."  ECF No. 126 at 5.[1]

---

[1] In that order, the court used language indicating that Mr. Wang's state of mind with respect to the truthfulness of his affidavit would be at issue in the decision as to whether further evidence warranted re-opening this discovery dispute.  ECF No. 126 at 5 ("Thus, denial is without prejudice should concrete evidence that Mr. Wang has perjured himself with respect to this motion emerge.")  That language was inappropriate and is hereby disavowed.  Mr. Wang's state of mind regarding the accuracy or completeness of his previous affidavit is immaterial.  The only question before the court is whether plaintiff has now identified a factual basis for its belief that defendants' computers may contain information relevant to its claims.  The undersigned neither makes nor implies any findings here regarding Mr. Wang's truthfulness or any misconduct by any party.

In the motion presently before the court, Philips contends it has obtained additional information warranting a forensic inspection of defendant's computers. ECF No. 151 at 3. Defendants oppose the motion, arguing that Philips failed to present "concrete, specific evidence of concealment," which they assert is required for forensic imaging of computers to be appropriate. Id. at 20.

Having reviewed the unredacted joint statement and its exhibits, and the exhibits and demonstrative aids presented at hearing on the motion, the court finds that Philips has adequately demonstrated that forensic examination of the computer used by Sean Wang is appropriately conducted by its own expert under Rule 26(b)(1). Philips has explained why it believes the computer may contain evidence of unauthorized access of Philips systems, see ECF No. 158-1, and the court finds this showing to adequately support the motion as to Sean Wang's computer. Inspection of the computer may or may not ultimately reveal information supporting plaintiff's claims, but plaintiff may undertake discovery—under the stringent privacy protections of the operative protective order—to find out. Wholesale access to all defendants' computers, however, would be grossly disproportionate to the needs of the case. The RFPs as written, seeking access to any and all computers, devices and hardware, are overbroad and compelled production is denied as to devices other than the Sean Wang computer.[2]

The court disagrees with defendant that a heightened standard categorically applies to all compelled computer forensics. While it is certainly true that concerns of proportionality and confidentiality are heightened in this context, as the cases reflect, the standard governing discovery does not vary. Defendants rely on a series of unpublished orders from other district courts, which use language that originates in a 2006 discovery order out of the Northern District of California, Advante Int'l Corp. v. Mintel Learning Tech., No. C-05-01022 JW(RS), 2006 WL 1806151, at *1 (N.D. Cal. June 29, 2006). In Advante, the court ruled in favor of the non-moving

---

[2] Should the results of the forensic examination authorized here provide a basis, in plaintiff's view, for further such examination of other computers, plaintiff must make a new and narrowly tailored request for production. This order concludes litigation of Plaintiff's RFP Nos. 10 and 11, but does not preclude further discovery requests regarding electronically stored information or computing devices.

party on a motion to compel in which the movant made vague accusations of misconduct and argued that this warranted a full examination of all the non-movant's computers. Id. The relevant language appears in Advante as follows:

> The mere fact that this case involves electronic data does not change the basic concepts or rules of the discovery process. Had Mintel made the same basic accusations in an earlier age, its claims of incomplete document production, inconsistencies, or even perjury and destruction of evidence, would not automatically entitle it to an order permitting it to enter Advante's offices to rummage through filing cabinets and desks. The relief Mintel is asking for here is no different and no more warranted. Furthermore, notwithstanding the breadth of accusations Mintel has leveled, it has not presented specific, concrete evidence of concealment or destruction of evidence sufficient to conclude that a forensic examination of the vast scope it proposes is warranted at this juncture, even under an examination protocol that would protect the other parties' legitimate privacy and other interests.

Id. Advante simply cannot be read to create a "specific, concrete evidence of concealment" requirement for the forensic examination of computers under all circumstances; indeed, it affirms that the "basic concepts [and] rules of the discovery process" apply.

On the facts of this case, which are materially distinct from the cases cited by defendants,[3] proportionality is adequately assured by limiting discovery to Sean Wang's computer, and confidentiality is adequately addressed by the protective order already in place. The court will impose the following additional requirements: (1) the authorized forensic copy of the Sean Wang computer shall be produced to plaintiff as "attorneys' eyes only" material, to include the retained expert of plaintiff's choice; (2) plaintiff shall disclose to defendants the examination protocol to be used by its retained expert *before* the examination is undertaken, and defendant shall have seven days thereafter to object. Details of this requirement are specified below.

////

---

[3] Here, plaintiff seeks digital evidence of the alleged conduct giving rise to its claims, which may have been accomplished using the computer at issue. This is not a case, like Advante or Sophia & Chloe, Inc. v. Brighton Collectibles, Inc., 2013 WL 5212013 (S.D. Cal. Sept. 13, 2013), where forensic examination of computers is sought to test the non-moving party's assertion that certain other materials, such as emails or business records that might be stored on a computer, do not exist. Discovery is ordered here not on the issue of discovery misconduct, which was the basis of the disputes in Advante and Sophia, but in relation to plaintiff's theory of its case.

## II. Fees, Costs, and Sanctions

Defendants raised the issue of fees and potential motions for sanctions multiple times in their briefing and at oral argument. As the non-prevailing parties, they are of course not entitled to fees, nor does the court find that Philips' discovery conduct warrants sanctions of any kind at this juncture.

Federal Rule of Civil Procedure 37(a)(5)(A) requires that a prevailing movant on a motion to compel generally be awarded reasonable fees and expenses incurred in making the motion. The court can decline to order such fee shifting under certain circumstances, including where "(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id. The court finds that defendant's position on the merits of this dispute was substantially justified, although the factors supporting compelled discovery ultimately weigh in plaintiff's favor. The motion is being granted only in part, and counsel on both sides appear to have contributed to the stalemate that made the motion necessary.

Accordingly, no sanctions will issue and each party will bear its own fees and costs. The court reiterates its expectation that both parties will take reasonable positions with respect to discovery and will endeavor to cooperate in the discovery process. Should the examination of Mr. Wang's computer lead to further requests by Philips for examination of ASI computers, the court trusts that the parties will put forth best efforts to reach agreement before bringing additional disputes to the court. Nothing in this order should be read to suggest that fees will not issue in connection with future discovery motions.

## III. Conclusion

It is hereby ORDERED that plaintiff's motion at ECF No. 140 is GRANTED IN PART, as follows. A neutral technician shall make a forensic copy of Mr. Sean Wang's computer only, at plaintiff's expense. Defendants shall make Mr. Wang's computer available for imaging without undue delay. The full forensic copy shall be made available to both plaintiff's counsel and defendants' counsel, subject to the provisions of the existing stipulated protective order (ECF No. 49); the disclosure as to plaintiff's counsel shall be for review by counsel and retained experts

only. Prior to submission of the forensic copy to plaintiff's expert for examination, plaintiff shall disclose to defendants the protocol to be followed by the examining expert to protect defendants' legitimate privacy and other interests by identifying and excluding from examination any electronically stored information not related to potential access of Philips systems. Defendants shall have seven days to object in writing to the protocol and initiate the meet and confer process. Should any meet and confer process as to the protocol fail to result in agreement, defendants may seek resolution of the dispute on shortened time by making an appropriate motion. Plaintiff's examination shall not commence until any objection to the protocol has been resolved. Objections to the fact of examination or its scope as authorized herein, in the guise of objections to the protocol, will not be entertained.

All parties shall bear their own fees and costs.

IT IS SO ORDERED.

DATED: January 19, 2023

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE