James T. Hultquist (admitted *pro hac vice*)
Email: jhultquist@reedsmith.com
Jennifer Y. DePriest (admitted *pro hac vice*)
Email: jdepriest@reedsmith.com
Hubert J. Zanczak (admitted *pro hac vice*)
Email: hzanczak@reedsmith.com
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606-7507
Telephone: +1 312 207 1000
Facsimile: +1 312 207 6400

Christopher J. Pulido (SBN 313142)
Email: cpulido@reedsmith.com
Jonathan I. Detrixhe (SBN 258946)
Email: jdetrixhe@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Christopher R. Brennan (admitted *pro hac vice*)
Email: cbrennan@reedsmith.com
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: +1 412 288 3131
Facsimile: +1 412 288 3063

*Attorneys for Plaintiff and Counter-Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC<br><br>Plaintiff,<br><br>vs.<br><br>ADVANCED IMAGING SERVICES, INC., d/b/a ADVANCED IMAGING PARTS; and SEAN WANG,<br><br>Defendants. | No.: 2:21-cv-00876<br><br>**PHILIPS' MOTION FOR SANCTIONS BASED ON SPOLIATION OF EVIDENCE ON SEAN WANG'S PURPORTED WORK COMPUTER**<br><br>**REDACTED**<br><br>Date: Nov. 8, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. Allison Claire<br>Courtroom: 26, 8th Floor |
| RELATED CROSS-COMPLAINT | |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ......................................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ................................... 3

    A.   Defendants Refuse to Produce for Inspection the Computer Devices they Use to Access Philips' Systems, Forcing Philips to File a Motion to Compel. .......................................................................... 3

    B.   Philips Re-files and the Court Grants in Part Philips' Renewed Motion to Compel Inspection of Computers. ......................................... 5

    C.   Dr. Orso Finds Irrefutable Evidence of Defendants' Spoliation. ............ 7

    D.   Defendants' Spoliation of the Laptop Evidence Fits a Pattern of Discovery Abuse. ................................................................................ 11

III.    DEFENDANTS' CONDUCT WARRANTS SPOLIATION SANCTIONS ... 12

    A.   Sanctions are Warranted under Rule 37 and the Court's Inherent Powers. ............................................................................................... 13

    B.   Philips Is Prejudiced by Defendants' Spoliation and Tampering. ........... 15

    C.   The Evidence Shows Defendants Intentionally Destroyed the Laptop Evidence. ............................................................................................ 16

    D.   Philips Is Entitled to Terminating and Monetary Sanctions, or at the very Minimum, Evidentiary and Monetary Sanctions. ........................... 18

        1.   Philips is entitled to terminating sanctions. .................................. 19

        2.   Alternatively, evidentiary sanctions should issue. ......................... 21

        3.   Philips unquestionably is entitled to monetary sanctions. .............. 24

IV.    CONCLUSION ............................................................................................ 25

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguirre v. Home Depot U.S.A., Inc.*
No. 1:10-cv-00311-LJO-GSA, 2012 U.S. Dist. LEXIS 119984 (E.D. Cal. Aug. 22, 2012) ................................................................................................................18

*AtPac, Inc. v. Aptitude Sols., Inc.*,
2011 U.S. Dist. LEXIS 40043 (E.D. Cal. Apr. 12, 2011)................................................19, 22

*Deerpoint Grp., Inc. v. Agrigenix, Ltd. Liab. Co.*,
No. 1:18-cv-00536-AWI-BAM, 2022 U.S. Dist. LEXIS 197646 (E.D. Cal. Oct. 31, 2022) ..................................................................................................... *passim*

*JUUL Labs, Inc. v. Chou*,
No. CV 21-3056 DSF, 2023 U.S. Dist. LEXIS 100101 (C.D. Cal. June 8, 2023) ...........21, 23

*Kearney v. Foley & Lardner, LLP*,
590 F.3d 638 (9th Cir. 2009) ................................................................................................12

*Leon v. IDX Sys. Corp.*,
464 F.3d 951 (9th Cir. 2006) .................................................................................11, 12, 19

*Life Techs. Corp. v. Biosearch Techs., Inc.*,
No. C-12-00852 WHA (JCS), 2012 U.S. Dist. LEXIS 63974 (N.D. Cal. May 7, 2012) .......................................................................................................................24

*Matheis v. Godinez*,
No. 3:20-cv-2100-GPC-AHG, 2022 U.S. Dist. LEXIS 45758 (S.D. Cal. Mar. 14, 2022) .......................................................................................................................19

*Motorola, Inc. v. Pick*,
No. CV 04-2655 ABC, 2005 U.S. Dist. LEXIS 45816 (C.D. Cal. May 26, 2005),
*aff'd by* 703 F. App'x 620 (9th Cir. 2017) .............................................................................22

*OmniGen Research, LLC v. Wang*,
321 F.R.D. 367 (D. Or. 2017)...........................................................................................20, 21

*Patriot Rail Corp. v. Sierra R.R. Co.*,
No. 2:09-cv-0009-TLN-AC, 2015 U.S. Dist. LEXIS 102844 (E.D. Cal. Aug. 4, 2015) .......................................................................................................................22

*Philips Elecs. N. Am. Corp. v. BC Tech.*,
773 F. Supp. 2d 1149 (D. Utah 2011)......................................................................................20

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PHILIPS' MOTION FOR SANCTIONS BASED ON SPOLIATION OF EVIDENCE ON COMPUTER

*Porter v. City & Cty. of San Francisco,*
No. 16-cv-03771-CW(DMR), 2018 WL 4215602 2018, U.S. Dist. LEXIS 151349
(N.D. Cal. Sept. 5, 2018) ..............................................................................................12, 16

*Resnik v. Coulson,*
No. 17-CV-676 (PKC) (SMG), 2019 U.S. Dist. LEXIS 55199 (E.D.N.Y. Mar. 30,
2019) ............................................................................................................................16, 21, 23

*RG Abrams Ins. v. Law Offices of C.R. Abrams,*
No. 2:21-cv-00194-FLA-MAAx, 2022 U.S. Dist. LEXIS 140943 (C.D. Cal. July
1, 2022) ...............................................................................................................................24

*WeRide Corp. v. Kun Huang,*
No. 5:18-cv-07233-EJD, 2020 U.S. Dist. LEXIS 72738 (N.D. Cal. Apr. 16, 2020)
....................................................................................................................12, 13, 19, 24

*Williams v. Am. Coll. of Educ.,*
No. 16 C 11746, 2019 U.S. Dist. LEXIS 157447 (N.D. Ill. Sep. 16, 2019) ..........................20

*Zubulake v. UBS Warburg LLC.,*
220 F.R.D. 212 (S.D.N.Y. Oct. 22, 2003) .................................................................................22

**Statutes**

17 U.S.C. 1203(c)(3).................................................................................................................16

**Rules**

Fed. R. Civ. P. 37(b)..................................................................................................................19

Fed. R. Civ. P. 37(b)(2)..............................................................................................................12

Fed. R. Civ. P. 37(b)(2)(A)........................................................................................................18

Fed. R. Civ. P. 37(b)(2)(A)(i).....................................................................................................22

Fed. R. Civ. P. 37(b)(2)(A)(ii)....................................................................................................22

Fed. R. Civ. P. 37(b)(2)(C).........................................................................................................24

Fed. R. Civ. P. 37(e)...................................................................................................................12

Fed. R. Civ. P. 37(e)(1)..............................................................................................................16

Fed. R. Civ. P. 37(e)(1-2)...........................................................................................................15

Fed. R. Civ. P. 37(e)(2)(C) .........................................................................................................18, 19

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  **Other Authorities**

2  https://windirstat.net/ .................................................................................................................7

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

PHILIPS' MOTION FOR SANCTIONS BASED ON SPOLIATION OF EVIDENCE ON COMPUTER

1   Pursuant to Local Rule 230 and the Court's Order granting in part the Joint Motion for

2   Administrative Relief (Dkt. 165), Plaintiff Philips North America LLC ("Philips") submits this Motion

3   for Sanctions Based on Spoliation of Evidence on Sean Wang's Purported Work Computer ("Motion")

4   and specifically regarding Defendants Advanced Imaging Services, Inc. d/b/a Advanced Imaging Parts

5   ("AIS") and Wang Xiuyuan a/k/a Sean Wang's (collectively, "Defendants") wiping of relevant

6   materials from, and reconfiguration of, the laptop provided for inspection.

7   **I.     INTRODUCTION**

8   After "spoliating [and] deliberately altering" key evidence on the only dongle Defendants

9   admitted to using to access Philips' confidential information (Dkt. 197 at 7), Defendants have now

10  *also spoliated* evidence on the *only other* device they've produced for inspection in this case: the

11  laptop Defendants contend is Sean Wang's work computer (the "Laptop").  Indeed, the evidence shows

12  that after this Court ordered Defendants to produce Mr. Wang's work computer for imaging and

13  inspection, and *just two days before handing over the Laptop for imaging,* ████████████████

14  ████████████████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████████████████████

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 ████████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ████████████████████████████████████████████████

4 ████████████████████████████████████████████████

5 ████████████████████████████████████████████████

6 ████████████████████████████████████████████████

7 ████████████████████████████████████████████████

8 ████████████████████████ Either way, the evidence of extreme spoliation and

9 further egregious discovery abuse is unmistakable.

10     The prejudice to Philips from Defendants' tampering and intentional spoliation of evidence on

11 the Laptop is manifest. By removing ███████████████████████████████

12 ████████████████████████████████████████ Defendants have

13 effectively prevented Philips from ever obtaining key digital evidence from (purportedly) Mr. Wang's

14 *own* work device that should have revealed evidence regarding, among other things: (1) which, and

15 how many, fake IST certificates Defendants used in connection with the Laptop to service Philips'

16 equipment; (2) the frequency with which, and number of times that, Defendants used fake IST

17 certificates, or other methods of access, to circumvent Philips' security measures (directly impacting

18 Philips' damages); (3) the levels of access (CSIP levels) to which Defendants unlawfully gained from

19 using the Laptop to remotely "access" Philips' machines; and (4) any fake IST certificate generator

20 file that existed on the Laptop, including how, by whom, when, and how many times it was used. The

21 spoliated evidence thus goes to the heart of Philips' claims – from both a liability and damages

22 perspective; that is why Philips vigorously pursued, and the Court ordered, a forensic inspection of

23 Mr. Wang's work computer in the first place. But Defendants' egregious and unfair conduct has

24 prevented Philips, and the Court, from ever discovering whatever incriminating evidence once resided

25 on his work device.

26     Defendants' spoliation follows a pattern of discovery dereliction that has animated their

27 strategy throughout this litigation.  Defendants have repeatedly taken positions that lack credibility in

28 attempts to justify their stonewalling, and they have forced Philips to file no fewer than four discovery

motions based on Defendants' obfuscation. Dkt. 54; Dkt. 109; Dkt. 124; Dkt. 151; *see* Dkt. 57 at 10 (Court Order finding Defendants' position lacks credibility); Dkt. 118 at 6 (Court Order finding Defendants' position "defies credulity").  And after this Court ordered an inspection of the dongle the Defendants admittedly used to access Philips' proprietary service materials, Defendants blatantly violated the Court's order with a "culpable state of mind and in conscious disregard for the preservation of evidence" by destroying and overwriting the dongle's fake IST certificate. Dkt. 197 at 9. Acting again with the same culpable state of mind, Defendants have now also spoliated evidence *on the only other device* the Court has ordered them to produce ███████████████████████ ██████████████████████████  Similar to their actions with respect to the dongle, Defendants here also fought vigorously not to produce the computer in the first place, and then *after* the Court ordered production, they made alterations to spoliate evidence in a clear attempt to hide their wrongdoing and purposefully defy the Court's Order. Defendants are two-for-two when it comes to destroying and/or burying direct evidence of their unlawful activities on the very devices that they actually used to access and service Philips systems.

Defendants have repeatedly and deliberately undermined the integrity of these proceedings through their spoliation and have thus forfeited their right to take advantage of the judicial process to defend against Philips' claims or prosecute their own. At this point, monetary and terminating sanctions, in the form of a default judgment against the Defendants on Philips' claims and the counterclaims, are appropriate. Not only have Defendants repeatedly wasted both Philips and the Court's time, but they have deliberately and continually attempted to undermine this Court's authority and the ethical standards that underpin the basic rules of civil procedure. Simply put, enough is enough.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

A brief recitation of the facts that led to the filing of this motion, including a short review of Defendants' prior spoliation activities, will help provide context for the requested sanctions.

### A.  Defendants Refuse to Produce for Inspection the Computer Devices they Use to Access Philips' Systems, Forcing Philips to File a Motion to Compel.

As the Court is aware, Philips develops, sells, supports, maintains, and services medical imaging systems. Dkt. 1, ¶ 1. AIS is an independent servicer of Philips medical imaging systems,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

which contain restricted, copyrighted, and/or trade secret information, access to which is limited through the use of a digital key known as an "IST Certificate." *Id*. at ¶¶ 19-31. Each IST Certificate contains specific entitlements corresponding the level of access to Philips' proprietary materials that the certificate permits the user to access and use. Dkt. 178-2, ¶ 3. Only those with permission from Philips, in the form of an IST Certificate with entitlements, are allowed to access CSIP Level 1 and above materials on Philips' medical devices. *Id*. ¶ 7.

Defendants do not have permission from Philips to access and use Philips Level 1 and higher software tools and materials. Nonetheless, they have gained access to and used Philips' restricted materials by admittedly using at least one fake IST Certificate on a dongle and a computer or computers.[1] *See* Dkt. 151, 178. Thus, after filing this lawsuit to enforce its intellectual property rights and prevent Defendants from continuing to hack into Philips' systems, Philips issued discovery requests seeking to inspect the computers that Defendants utilized to interface with and service Philips' systems. *See* Dkt. 124-2 (RFP Nos. 10, 11).

Defendants initially took the position that they do not use any computer or device to service Philips' medical devices and thus no responsive items exist. *See* Dkt. 124-10. When Defendants thus refused to permit the requested inspection, Philips, noting substantial evidence demonstrating that Defendants *did* use a computer to remotely connect to Philips' systems, moved to compel. Dkt. 124. In opposition, Defendants submitted a declaration from Mr. Wang denying that he or AIS had ever "remotely accessed Philips' equipment, or used any of our computers . . . to remotely access Philips' equipment." Dkt. 124-10 at ¶ 5. He also swore that "other than a dongle and backup dongle already produced to Philips," neither he nor AIS possessed "any other device that has been used, either directly or remotely, to access Philips equipment, [including use of] an 'IST Certificate' via a 'smartcard' loaded into another dongle, or remotely via a computer." *Id.* ¶ 8.

In view of Mr. Wang's "vehement[] den[ials] that any such devices exist," this Court denied

---

[1] Philips' evidence points to multiple different fake certificates (not counting any created to overwrite certificates and thereby forever delete the information regarding the original certificate). *See* Dkt. 151-15 ¶ 13-18; Dkt. 186 at 9-10. Defendants have only produced one of these certificates (which they spoliated). *See* Dkt. 197. And as Philips has pointed out, the one certificate produced does not even match the two certificates Alex Kalish created for Mr. Wang and produced contemporaneously with Mr. Kalish's sworn declaration. *See* Dkt. 186 at 10.

Philips' initial motion to compel without prejudice, noting that the "topic is complex, and discovery is ongoing." Dkt. 126 at 4-5. The Court endorsed Philips re-filing the motion to compel should "clear, concrete evidence" emerge that called into doubt Mr. Wang's denials. *Id*.

### B.   Philips Re-files and the Court Grants in Part Philips' Renewed Motion to Compel Inspection of Computers.

As the Court's initial ruling presaged, clear and concrete additional evidence came to light establishing that, contrary to Mr. Wang's sworn statements, Defendants *had* in fact used computers to service Philips medical imaging devices. That evidence included: ███████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

███████  *Id*. at 13-14. Defendants themselves should have produced these St. John's emails earlier in the litigation but did not. *See* Dkt. 151-17 – 151-20.

In the face of this uncontradicted evidence, Defendants *still refused* to provide the requested forensic inspection of their computers, forcing Philips to renew its motion to compel. Dkt. 151, 158. On January 19, 2023, after oral argument on the motion, the Court granted the motion in part, finding Philips had "demonstrated that forensic examination of the computer used by Sean Wang" was warranted and that the inspection was requested to discover "digital evidence of the alleged conduct giving rise to [Philips'] claims." Dkt. 165 at 3, 4 at n.3. The Court thus ordered Defendants to "make Mr. Wang's computer available for imaging without undue delay" and Philips to provide Defendants with a draft of the forensic protocol to be followed during the examination. *Id*. at 5-6.[2]

---

[2] The Court also stated that Philips could request further inspections if the evidence supported such requests. *Id*. Since then, testimony from third party St. John's witnesses confirmed not only Mr. Wang's remote connection to Philips systems located at St. John's, but also that other AIS employees serviced Philips systems located there. Dkt. 186-3; Dkt. 186-10. This latter point demonstrates the falsity of Mr. Wang's assertion that no other AIS employees serviced Philips' systems. *See* Dkt. 124-10 at ¶ 5.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

On February 10, 2023, Philips sent to Defendants a draft of the inspection protocol and the parties began protracted discussions regarding its scope. Declaration of Jonathan Detrixhe ("Detrixhe Decl.") ¶ 2-3. Among other things, Defendants advised that Mr. Wang's computer likely contained privileged documents relating to this lawsuit, and thus the parties agreed that a neutral, Grobstein Teeple, would conduct a privilege review. *Id.* ¶ 3, Exh. B ¶¶ 3-6.[3]

Unable to reach agreement on other terms of the inspection protocol, the parties requested an informal discovery conference, which the Court held on April 5, 2023. At the conference, the Court approved the final inspection protocol *without* Defendants' proposed scope limitations, adding only that Philips was to provide to Defendants a step-by-step recitation of the inspection process undertaken by its expert within 21 days of the inspection. *Id.* ¶ 3-5, Exh. B (final inspection protocol).  Under the inspection protocol, Philips' expert was authorized, and intended, to examine Mr. Wang's work computer for highly relevant evidence, including for evidence of:

7.



REED SMITH LLP

A limited liability partnership formed in the State of Delaware

---

[3] Defendants also attempted to limit the inspection protocol to a scope far narrower than what the Court had ordered. For example, they attempted to limit the inspection only to a search for the presence or absence of certain items, a position this Court explicitly rejected in its January 19 ruling. *See id.* Exhs. A, F at 41:14-42:1.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4 *Id*. Exh. B (protocol) at ¶ 7 (emphasis added). He was also authorized to review

5

6 *Id*. Exh.

7 B at ¶¶ 8, 9. After the inspection protocol was finalized, it took Defendants another month, until May

8 5, 2023, to produce what they contend was Mr. Wang's work computer to Grobstein Teeple, which

9 then performed the imaging, conducted the stipulated privilege review, created copies, and mailed out

10 the images to Philips' counsel and its expert, Dr. Alessandro Orso. Notably, despite defense counsel's

11 warning that the Mr. Wang's computer likely would contain extensive privileged materials relating to

12 this case, Grobstein Teeple's privilege review, which included numerous privilege search terms (*see*

13 *id*. Exh. C at p. 6), turned up **zero** privileged documents. *Id*. at p. 1. Within 21 days of Dr. Orso's

14 inspection, as ordered by the Court, Philips timely served its Disclosure of Dr. Orso's Methodology,

15 Tools, and Search Terms on June 14, 2023. *Id*. Exh. D. Dr. Orso's inspection results form the basis

16 for this motion. *Id*. Exh. E.

17     **C.**     **Dr. Orso Finds Irrefutable Evidence of Defendants' Spoliation.**

18     Dr. Orso's inspection of the Laptop image turned up irrefutable evidence of Defendants'

19 spoliation and tampering. Detrixhe Dec. Exh. E, Declaration of Alessandro Orso Re: Laptop

20 Inspection ("Orso Dec.") ¶¶ 6-11, 23, 28, 33.

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PHILIPS' MOTION FOR SANCTIONS BASED ON SPOLIATION OF EVIDENCE ON COMPUTER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PHILIPS' MOTION FOR SANCTIONS BASED ON SPOLIATION OF EVIDENCE ON COMPUTER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22      In any event, the only plausible inference from this forensic *evidence* is that the Laptop

23 Defendants submitted clearly and irrefutably *did not* contain the same evidence that it contained at the

24 start of this lawsuit, when the evidence first should have been preserved, or when Philips first requested

25 the computer inspection, or even when the Court ordered Mr. Wang's work computer to be produced

26 for imaging and forensic inspection.

27

28

**D.      Defendants' Spoliation of the Laptop Evidence Fits a Pattern of Discovery Abuse.**

Defendants' spoliation of evidence on the Laptop comes on the heels of their related spoliation of the IST Certificate on the only dongle that they admittedly used to access Philips' systems. There, after Defendants initially agreed to produce for inspection the dongles purportedly purchased from Alex Kalish, they made an about face, taking the remarkable position that Philips was only entitled to a *visual* inspection of the dongles.   Accordingly, Philips was forced to move to compel what was obviously a highly material inspection. The Court granted Philips' motion, noting that "it is not credible that Defendants believed a visual inspection of the dongles was ever contemplated by plaintiff" or would be responsive to Philips' discovery requests. Dkt. 57 at 10.

But that was just the beginning of Defendants' abusive discovery tactics. Thereafter, Defendants twice produced for inspection what they claim was the only dongle they ever used to service Philips medical imaging devices. At the first inspection, Philips' expert was prevented from reviewing any entitlement data on the dongle's fake IST Certificate because the passwords Defendants had provided were incorrect. By the second inspection, the password to, and the expiration date of, the dongle's fake IST Certificate had *changed*, and its entitlement data, which Defendants conceded had once existed, was gone forever. Dkt. 178-6, 178-7, 178-13. Irrefutable evidence showed that Defendants had knowingly wiped the dongle of its original fake IST Certificate and then tried to cover their tracks by replacing it with a fabricated, new, different fake IST Certificate which contained no entitlement data.   When Philips thus moved for spoliation sanctions, Defendants, in opposition, could offer no alternative theory for the clear evidence that they spoliated the IST Certificate on the dongle. Dkt. 178, 181, 186, 197 at 6-7 (Defendants offer "only rhetoric" but no evidence to refute spoliation).

This Court, in a comprehensive opinion grounded in the facts and law, thus held that Defendants had "spoliated the evidence in question" and "engaged deliberately in deceptive practices that undermine the integrity of the judicial proceedings." Dkt. 197 at 7, citing and quoting *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Finding that Defendants acted with a "culpable state of mind and in conscious disregard for the preservation of evidence [they] knew to be relevant, and indeed, material to the litigation," this Court granted monetary sanctions and recommended evidentiary sanctions in the form of adverse jury instructions.  *Id*. at 9-10.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    As this latest spoliation motion shows, Defendants have learned nothing from their past

2    derelictions. This Court, though, has both the statutory and inherent power to finally put an end to

3    Defendants' egregious, disrespectful, and damaging behavior.

4    **III.    DEFENDANTS' CONDUCT WARRANTS SPOLIATION SANCTIONS**

5    Federal Rule of Civil Procedure 37(b) provides that a court may impose sanctions where a

6    party's spoliation of evidence amounts to a failure to comply with a court's prior order to provide

7    discovery. *See* Fed. R. Civ. P. 37(b)(2) (authorizing sanctions where a party "fails to obey an order to

8    provide or permit discovery, including an order under 26(f), 35, or 37(a)"); *WeRide Corp. v. Kun*

9    *Huang*, No. 5:18-cv-07233-EJD, 2020 U.S. Dist. LEXIS 72738, at *30-31 (N.D. Cal. Apr. 16, 2020).

10   Federal Rule of Civil Procedure 37(e), in turn, provides the elements for spoliation of

11   electronically stored information ("ESI"). Fed. R. Civ. P. 37(e); *see also Porter v. City & Cty. of San*

12   *Francisco*, No. 16-cv-03771-CW(DMR), 2018 WL 4215602 2018, U.S. Dist. LEXIS 151349, at *6-7

13   (N.D. Cal. Sept. 5, 2018). Under Rule 37(e), spoliation occurs if the relevant ESI: (1) "should have

14   been preserved" for the litigation; (2) "is lost because a party failed to take reasonable steps to preserve

15   it"; and (3) "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e).

16   The Court also has inherent authority to impose sanctions for spoliation of evidence. *See Leon*

17   *v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Spoliation is the "destruction or significant

18   alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or

19   future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009) (internal

20   quotations/citations omitted). Spoliation motions are subject to "a preponderance of the evidence

21   standard of proof." *Deerpoint Grp., Inc. v. Agrigenix, Ltd. Liab. Co.*, No. 1:18-cv-00536-AWI-BAM,

22   2022 U.S. Dist. LEXIS 197646, at *33 (E.D. Cal. Oct. 31, 2022).

23   Where prejudice results from the spoliation of evidence, the sanction may be designed to cure

24   the prejudice, and where the spoliation was executed intentionally, harsher sanctions, including

25   terminating sanctions such as a default judgment and evidentiary sanctions such as a presumption that

26   the evidence was unfavorable and adverse jury instructions are appropriate.  Fed. R. Civ. Proc. 37(e).

27   Here, sanctions are warranted pursuant to Rule 37(b), Rule 37(e) and this Court's inherent

28   power because of Defendants' intentional and damaging conduct.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**A.     Sanctions are Warranted under Rule 37 and the Court's Inherent Powers.**

Sanctions for spoliation are warranted and proper under Rules 37(b), 37(e) and this Court's inherent authority. Rule 37(b)'s elements are met because (1) the Court's order compelling the inspection of Mr. Wang's work computer pursuant to the inspection protocol was a Rule 37(a) "order to provide or permit discovery" (Dkt. 165; *see WeRide Corp.*, at *35); and (2) Defendants' spoliating conduct directly violated that order.

Specifically, under Rule 37(a), this Court issued an Order compelling Defendants to turn over Mr. Wang's computer for imaging and a forensic inspection of the image by Philips' expert pursuant to the inspection protocol. Dkt. 165; Detrixhe Dec. Exh. B.  The protocol, in turn, authorized Dr. Orso to forensically examine the Laptop for evidence ███████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████ *Id*. ¶¶ 7-9.

Defendants' spoliation clearly violated this Court's Rule 37(a) Order and the attendant inspection protocol making it impossible for Dr. Orso to conduct his forensic inspection with respect to the above evidence. Instead, Dr. Orso's investigation showed that █████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   █████████████████████████████████████████████

2   █████████████████████████████████████████████

3   █████████████████████████████████████████████

4   ████████████████ Thus, Rule 37(b)'s elements are met.

5       Each element of Rule 37(e) is also met. First, the relevant ESI "should have been preserved"

6 for the litigation. Defendants were indisputably on notice that they needed to preserve the contents of

7 the Laptop, which was the subject of two discovery motions, two Court Orders, and the negotiated

8 inspection protocol, which specified the categories of information and data to be examined. *See* Dkt.

9 126; Dkt. 165; Detrixhe Dec. Exh. B. Philips also sent a letter to Defendants, at the start of this lawsuit,

10 reminding them of their preservation obligations. Detrixhe Dec. Exh. H. Finally, the forensic evidence

11 indicates discoverable data was present on the computer ███████, when there could be no doubt

12 regarding Defendants' duty to preserve, as the Court had previously ruled that Mr. Wang's work

13 computer was to be produced for imaging and forensic inspection.

14       Second, the ESI that was once on the Laptop now "is lost because a party failed to take

15 reasonable steps to preserve it." Defendants maintained control of the Laptop throughout the lawsuit,

16 and the spoliation activities observed by Dr. Orso all occurred *before* Defendants turned it over to for

17 imaging. In addition, substantial irrefutable evidence shows that Defendants had in fact used a

18 computer to remotely access and service Philips' machines, and thus, Mr. Wang's computer, if it had

19 been preserved, would have revealed evidence supporting Philips' liability and damages case. Not

20 only did Defendants spoliate substantial evidence that was on the Laptop, as set forth above, but it is

21 unclear if the Laptop is Mr. Wang's computer in the first place. What's more, Defendants' spoliating

22 actions were all taken *with specific knowledge that Dr. Orso was authorized and intended to inspect*

23 *Mr. Wang's own work computer to* ██████████████████, as spelled out in the inspection protocol this Court approved. Clearly, Defendants did not

24 ████████, as spelled out in the inspection protocol this Court approved. Clearly, Defendants did not

25 preserve, but instead, destroyed, relevant ESI that had once existed on the Laptop.

26       Finally, the destroyed evidence, ██████████████████████

27 ████████████████████████████████████████████████

28 ████████████████████████████████████████████████

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3 ████████████████████████████████████████████

4       Thus, Rule 37(e) elements are satisfied, and for these same reasons, this Court also has inherent

5 power to sanction Defendants for spoliation of the evidence that once existed on the Laptop.

6      **B.**     **Philips Is Prejudiced by Defendants' Spoliation and Tampering.**

7       Where a court finds prejudice to the non-spoliating party, it may impose sanctions "no greater

8 than necessary to cure the prejudice" except where the spoliating party acted with intent, in which case

9 the court may impose harsher sanctions, including a default judgment against the spoliating party. Fed.

10 R. Civ. P. 37(e)(1-2). "Prejudice may be found where the spoiling party's actions impaired another

11 party's ability to go to trial or threatens to interfere with a rightful decision of the case." *Deerpoint*

12 *Grp., Inc.,* at *39-40. "Spoliation of evidence raises a presumption that the destroyed ESI was both

13 adverse to the party that destroyed it and relevant to the merits of the case." *Id.* "Courts have the

14 discretion to determine if the spoliation of evidence is prejudicial, and neither party has the burden of

15 establishing or disproving prejudice." *Id.* (citations omitted).

16       Here, the prejudice to Philips is significant. The inspection of Mr. Wang's computer

17 presumably *would have* resulted in a gold mine of direct evidence related to liability and damages

18 (given Defendants' efforts to destroy it), but now, because of Defendants' spoliation (and their

19 possible withholding of Mr. Wang's real work computer), Dr. Orso's inspection was completely

20 frustrated, and Philips will never know what material evidence had once resided (or still resides) on

21 Mr. Wang's computer. Indeed, as spelled out in its motion to compel the inspection of Defendants'

22 computers, and as evidenced by the detailed inspection protocol, Dr. Orso's forensic inspection was

23 intended to expose, *among other things*, direct digital evidence related to: ████████████████

24 ████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████

27 ████████████████████████████████████████████████████

28 ████████████████████████████████████████████████████

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 ██████████████████████████████, Defendants deprived

2 Philips of access to key, direct evidence related to both to Defendants' liability and the extent of their

3 violations, which relates specifically to statutory damages under the Digital Millennium Computer

4 Act. *See* 17 U.S.C. 1203(c)(3). Philips is thus prevented from offering at trial, among other things,

5 direct evidence of Defendants' computer usage to violate Philips' rights, and how many times it did

6 so to prove damages. *See Resnik v. Coulson*, No. 17-CV-676 (PKC) (SMG), 2019 U.S. Dist. LEXIS

7 55199, at *2-3 (E.D.N.Y. Mar. 30, 2019) (where spoliation of ESI deprived plaintiff of evidence

8 relating to statutory damages, sanction included precluding defendant from arguing that its violations

9 were just "sporadic" and from using lack of evidence of incidents to challenge plaintiff's statutory

10 damage theory).

11     The prejudice to Philips is compounded by the fact that Defendants *already also* spoliated

12 incriminating evidence on the only other device they produced for inspection, the dongle. Thus, Philips

13 has been left with not just one, but two, hard fought and fully justified forensic inspections that were

14 made completely ineffectual on account of Defendants' deliberate spoliation. At a minimum, Philips

15 is entitled to sanctions "necessary to cure the prejudice" (*see* Rule 37(e)(1)), but as set forth below,

16 harsher sanctions are warranted under Rule 37(e)(2) because Defendants willfully destroyed evidence

17 on the eve of the Laptop inspection.

18     **C.**    **The Evidence Shows Defendants Intentionally Destroyed the Laptop Evidence.**

19     Philips is entitled to *greater* sanctions under Rule 37(e)(2), including a default judgment

20 against Defendants or adverse findings and jury instructions, because Defendants "had an intent to

21 deprive [Philips] of the spoliated information …." *Deerpoint Grp., Inc.*, at *39. "Destruction of

22 evidence is willful spoliation if the party had 'some notice that the documents were potentially relevant

23 to the litigation before they were destroyed.' However, a court need not find that the party acted in

24 bad faith, a finding of conscious disregard is enough for a court to issue an adverse inference

25 instruction based on spoliation." *Id.* at *46-47 (internal citations omitted). A court may find intentional

26 spoliation where "the evidence shows or it is reasonable to infer, that the [] party purposefully

27 destroyed evidence to avoid its litigation obligations." *Porter*, 2018 U.S. Dist. LEXIS 151349, at *8.

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Here, Defendants clearly had notice that ███████████████████████████

2  ████████████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████████████

6  ████████████  Detrixhe Dec. Ex. B.

7  The timing of Defendants' spoliation further supports that they willfully destroyed the

8  evidence on the Laptop to avoid their discovery obligations. First, Defendants aggressively fought

9  against producing the laptop for inspection, then, when they lost that battle, they (unsuccessfully)

10 fought for a very limited, near meaningless, scope for the inspection protocol. *See* Detrixhe Dec. Exhs.

11 A, F. Then, once the protocol was finalized, Defendants delayed handing over the Laptop while they

12 accomplished ██████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████████████████

24 ██████████████████████████████████████████  *Id*. Exh. B.

25 Notably, a finding of intentional spoliation is also "colored by [defendants'] lack of production

26 and by the bits and pieces of ESI Plaintiff has been able to sleuth forensically." *Deerpoint Grp.*, at

27 *54. Here, Philips diligently sought discovery but was forced to file several motions to compel due to

28 Defendants' lack of production and refusals to provide full forensic access to the digital devices they

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  used to violate Philips' rights, including the dongles, certificates, and computers that were used to

2  improperly access Philips Systems. *See*, *e.g.*, Dkt. 54, Dkt. 109, Dkt. 124, and Dkt. 151. Defendants

3  not only sought to avoid their discovery obligations, but they did so by making arguments that

4  "defi[ed] credulity", and then *spoliated* the IST Certificate on the dongle they were ordered to produce

5  for inspection. Dkt. 118 at 6; Dkt. 197. Then when the Defendants were ordered to and finally did

6  produce a computer for imaging and inspection, the "bits and pieces of ESI" that Dr. Orso was able to

7  find during his inspection shows that they had ███████████████████████

8  ████████████████████████████████████████████

9  ████████████████████████████████████████████

10  ████████████████████████████████████████████

11  ████████████████████████████████████████████

12  ████████████████████████████████████████████

13  ████████████████████████████████████████████

14  ████████████████████████████████████████████

15  ████████████████████████████████████████████

16  █████████████████ Orso Decl. ¶ 20-34; *Deerpoint Grp.*, at *55 (inferring "intent to spoliate ESI

17  from the totality of Defendants' conduct, including the lack of production, the laptops, and the third-

18  party information not disclosed").

19     **D.     Philips Is Entitled to Terminating and Monetary Sanctions, or at the very

20            Minimum, Evidentiary and Monetary Sanctions.**

21        Rule 37 and the Court's inherent power give this Court discretion "to impose a wide range of

22  sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those

23  rules." *Deerpoint Grp., Inc.*, at *32; Fed. R. Civ. P. 37(b)(2)(A); *see Aguirre v. Home Depot U.S.A.,

24  Inc.* No. 1:10-cv-00311-LJO-GSA, 2012 U.S. Dist. LEXIS 119984, at *5 (E.D. Cal. Aug. 22, 2012)

25  (using Court's inherent powers, "the Court may impose three types of non-monetary sanctions for the

26  destruction or spoliation of evidence": an adverse inference; exclusion of the spoliating party's

27  evidence; and terminating sanctions, including a default judgment (internal citations omitted)); Fed.

28  R. Civ. P. 37(e)(2)(C) (authorizing courts to issue adverse jury instructions or "dismiss the action or

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

enter a default judgment" where there's a finding of an "intent to deprive another party of the information's use in the litigation"); *AtPac, Inc. v. Aptitude Sols., Inc.*, 2011 U.S. Dist. LEXIS 40043, at *19-20 (E.D. Cal. Apr. 12, 2011) ("A party's destruction of evidence need not be in 'bad faith' ... courts may impose sanctions against a party that merely had notice that the destroyed evidence was potentially relevant to litigation." (internal citations omitted)).

A "party's motive or degree of fault in the spoliation is relevant to determining what sanctions should be imposed." *Deerpoint Grp., Inc.*, at *56; *see also Matheis v. Godinez*, No. 3:20-cv-2100-GPC-AHG, 2022 U.S. Dist. LEXIS 45758, at *13 (S.D. Cal. Mar. 14, 2022) (courts have broad discretion under Rule 37(b) to decide which sanctions to impose).

Here, Philips is entitled to terminating sanctions, or in the alternative, evidentiary sanctions, in addition to monetary sanctions.

### 1. Philips is entitled to terminating sanctions.

Defendants' conduct is so egregious it warrants terminating sanctions in the form of a default judgment in Philips' favor on its claims and those brought by the Defendants. *See* Fed. R. Civ. P. 37(b) & 37(e)(2)(C) (listing entry of default judgment as proper sanction). Terminating sanctions, such as a default judgment, are reserved for "when 'a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings' because 'courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice.'" *Leon*, 464 F.3d at 958 (internal citation omitted). "A finding of 'willfulness, fault, or bad faith' is required" for an award of terminating sanctions under Rule 37(b) or this Court's inherent powers. *See WeRide Corp* at *31-32. Under Rule 37(e)(2), terminating sanctions are proper where the Court finds "that 'the party acted with the intent to deprive another party of the information's use in the litigation,'" but "there is no requirement that the court find prejudice." *Id.* (internal citations omitted).

Courts repeatedly have entered terminating sanctions for conduct similar to Defendants'. *See, e.g.*, *WeRide Corp. v. Kun Huang*, No. 5:18-cv-07233-EJD, 2020 U.S. Dist. LEXIS 72738, at *56 (N.D. Cal. Apr. 16, 2020) (awarding default judgment although parties "fiercely contest" whether source code had been spoliated, concluding that because defendants had allowed deletion of relevant

emails about source code development, plaintiff was precluded from testing defendants' theories); *Williams v. Am. Coll. of Educ.*, No. 16 C 11746, 2019 U.S. Dist. LEXIS 157447, at *44 (N.D. Ill. Sep. 16, 2019) (where employee re-installed operating system (wiping the laptop), before returning laptop to employer, court awarded sanction of dismissal of employee's claims against employer under Rule 37(e)); *OmniGen Research, LLC v. Wang*, 321 F.R.D. 367, *377 (D. Or. 2017) (granting default judgment as a sanction where defendant intentionally deleted computer files); *see also Philips Elecs. N. Am. Corp. v. BC Tech.*, 773 F. Supp. 2d 1149, 1156 (D. Utah 2011) (awarding default judgment to Philips for spoliation that "constitute[d] an egregious form of interference with the judicial process").

In this case, the Court has already found that by spoliating the IST Certificate on the dongle, Defendants "engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings", and Defendants' spoliation of evidence on the Laptop is even more egregious. Indeed, Defendants, in bad faith, willfully attempted to deceive Philips and the Court by ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Defendants have thus once again deprived Philips from obtaining evidence to support both its liability and damages case, including evidence showing the number of times and how regularly Defendants circumvented Philips' security measures to access and use its proprietary information. What's more, Defendants' tampering raises the question of whether or not ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████ and because there were zero privileged documents that turned up in the privilege review, and ████████████████████████

████. Detrixhe Decl. Exh. E, Orso Dec. ¶¶ 32-33.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████

5 ████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████

8 ████████████████████     This intentional and deceptive conduct, which was squarely designed to

9 prevent Philips from discovering and using material evidence from Mr. Wang's own work computer

10 in this ligation, is "utterly inconsistent with the orderly administration of justice," and terminating

11 sanctions are appropriate. *See OmniGen Research,* 321 F.R.D. at \*371 (quotations omitted).

12     Indeed, it is now impossible to even the playing field with evidentiary sanctions after this

13 second round of Defendants' intentional spoliation of evidence, which, together with the first round

14 of spoliation, successfully deprived Philips of *any* digital evidence from *any* of Defendants' own

15 devices. Defendants have forfeited their right to take advantage of the judiciary to prosecute or defend

16 the claims in this case, and a default judgment in Philips' favor on its claims, and on Defendants'

17 counterclaims, should be entered.

18         **2.     Alternatively, evidentiary sanctions should issue.**

19     If the Court declines to award terminating sanctions, Philips is entitled "to have some kind of

20 curative instructions given at trial" so as to "right the wrong Defendants have inflicted." *Deerpoint*

21 *Grp., Inc.*, at \*69-71 (noting that "the precise contours of the instructions will be left to the trial judge"

22 but providing detailed recommendations as to the instructions that should be provided to the jury,

23 given Magistrate Judge's familiarity with the record); *see Resnik*, 2019 U.S. Dist. LEXIS 55199, at

24 \*2-3 (spoliation sanctions included adverse inferences related to both liability and damages; allowing

25 plaintiff to extrapolate damages based on remaining evidence and precluding defendant from:

26 challenging plaintiffs' statutory damages theory, presenting an expert to opine on the frequency of

27 violations for purposes of statutory damages calculation, and arguing that they only sporadically

28 violated plaintiff's rights); *JUUL Labs, Inc. v. Chou*, No. CV 21-3056 DSF (PDx), 2023 U.S. Dist.

LEXIS 100101, at *23-24, 36 (C.D. Cal. June 8, 2023) (finding defendants' spoliation and "unacceptable litigation conduct" warranted maximum statutory damage award per violation, listing cases); *Motorola, Inc. v. Pick*, No. CV 04-2655 ABC (SHx), 2005 U.S. Dist. LEXIS 45816 at *11-12 (C.D. Cal. May 26, 2005), *aff'd by* 703 F. App'x 620 (9th Cir. 2017) (adverse inference sanctions awarded where "[a]fter much delay and confusion, [defendant] finally produced [his] computer, and Plaintiff's forensic expert found that the computer's hard drive had been switched three days before . . . making it impossible to discover what software had been on it"); *AtPac, Inc.*, at *33 (awarding adverse inference instruction as sanction for defendants' scrubbing of a server).

Evidentiary sanctions include mandatory instructions requiring a jury to infer a certain conclusion, such as that lost evidence is relevant and favorable to opposing party, or to deem facts to be admitted as true, as well as permissive instructions that allow, but do not require, a jury to draw such conclusions. *See id.*, at *32-33; *Deerpoint Grp., Inc.*, at *69; *see also OmniGen Research* 321 F.R.D. at *372 ("[u]pon a finding of intent, Rule 37(e)(2) permits the adverse inference 'that the lost information was unfavorable'"). Evidentiary sanctions may also be awarded under Rule 37(b). *See* Fed. R. Civ. P. 37(b)(2)(A)(i) & (ii).

Courts employ a three-part test to determine whether an adverse inference instruction is warranted under Rule 37(e), including (1) whether the party with control had an obligation to preserve the evidence, (2) if the party acted with a "culpable state of mind," and (3) the relevance of the evidence (*i.e.*, whether a "reasonable trier of fact could find that it would support that claim"). *Deerpoint Grp., Inc.*, at *65-66 (citing *Zubulake v. UBS Warburg LLC.*, 220 F.R.D. 212, 220 (S.D.N.Y. Oct. 22, 2003)). As discussed above, each of these factors is present here. Moreover, "[i]t is not necessary to find bad faith," *id.*, at *56-57 (though bad faith is certainly present here), and the destruction of relevant evidence indicates that the spoliating party "did so out of the well-founded fear that the contents would harm him." *See Patriot Rail Corp. v. Sierra R.R. Co.*, No. 2:09-cv-0009-TLN-AC, 2015 U.S. Dist. LEXIS 102844, at *29 (E.D. Cal. Aug. 4, 2015).

In this case, if the Court does not enter a default judgment against Defendants, Philips seeks an Order stating that:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- Defendants are precluded from arguing at trial that they did not access, or that they only sporadically accessed, or that they did not frequently access, Philips' Level 1 and above CSIP materials by using a computer;

- Defendants are precluded from challenging Philips' theory of statutory damages based on any argument or evidence regarding the frequency of their use of a computer (or other device) to access to Philips systems and Level 1 CSIP materials or to circumvent Philips' security measures;

- Defendants are precluded from arguing at trial that they did not use a computer to push fake IST Certificates, or otherwise use a computer in any way, in order to remotely access Philips' systems without permission;

- Defendants are precluded from presenting expert or other testimony, or from using any ESI, to testify regarding the frequency of Defendant's unlawful access to Philips' systems;

- Defendants' activities, including spoliation of evidence on both the Laptop as well as the Dongle, and their discovery abuses, warrant an award of the maximum statutory damages award possible under the Digital Millennium Computer Act; and

- Philips shall be permitted to present any reasonable theory of damages, including statutory damages, that can be extrapolated from whatever evidence, including ESI, that remains in the case, and Defendants may not object to that damages theory based on a lack of evidence, including from Defendants' own devices.

*See Resnik*, 2019 U.S. Dist. LEXIS 55199, at \*2-3 (spoliation sanctions precluded defendant from challenging statutory damages theory, presenting an expert on frequency of violations, and arguing its violations were merely "sporadic"; permitting plaintiff to present damages theory based on extrapolating from limited remaining evidence); *JUUL Labs,* 2023 U.S. Dist. LEXIS 100101 at \*23-24 (maximum per-violation statutory damages warranted based on spoliation and litigation conduct).

In addition, the following adverse inference jury instructions are necessary to remedy, at least partially, Defendants' spoliation of the evidence on the Laptop:



- Defendants frequently used or instructed others to use Sean Wang's work computer to remotely interface with Philips' systems and access and use Philips' CSIP level 1 and above materials to service Philips systems without permission;

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- Defendants downloaded and installed an IST certificate generator to create a new fake IST Certificate and attempted to hide their misconduct by either failing to produce Sean Wang's actual work computer, as ordered by the Court, or by wiping Sean Wang's computer before producing it for inspection; and

- Defendants intended to, and did, repeatedly and frequently access Philips systems without authorization and in excess of their level of access authorized by Philips via use of at least Sean Wang's work computer.

Notably, merely permissive jury instructions would be "far too mild and vague to sufficiently cure the prejudice to" Philips caused by Defendants' intentional destruction of material evidence on the Laptop in disregard for this Court's discovery orders. *See WeRide Corp.*, at *41-42 (holding that permissive jury instruction is "far too mild" where party deleted emails, wiped computers, and failed to stop automatic deletion policies after the complaint was filed). Finally, Philips also seeks to bar Defendants from relying on the absence of any evidence on the Laptop or from referencing it or Mr. Wang's work computer, or any other AIS computer, in support of Defendants' own claims or defenses.

### 3.    Philips unquestionably is entitled to monetary sanctions.

Rule 37(b)(2)(C) provides that "the court **must** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Monetary sanctions are also available under Rule 37(e). *See Deerpoint Grp.*, at *57-58 (awarding costs and fees for spoliation under Rule 37(e)(1) based on prejudice to plaintiff).

Here, there is no justification for Defendants' spoliation or failure to comply with this Court's discovery order; nor is there any reason why a monetary sanction would be unjust. *See RG Abrams Ins. v. Law Offices of C.R. Abrams*, No. 2:21-cv-00194-FLA-MAAx, 2022 U.S. Dist. LEXIS 140943, at *136 (C.D. Cal. July 1, 2022) (awarding fees where defendants failed to preserve texts, holding "[t]he disobedient party shoulders the burden of avoiding expenses. . ."); *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C-12-00852 WHA (JCS), 2012 U.S. Dist. LEXIS 63974, at *40 (N.D. Cal. May 7, 2012) (holding it would be "contrary to the clear language of the Federal Rules" to require bad faith for an award of expenses).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Accordingly, Philips is entitled to a monetary award of its expenses, including attorneys' fees

2   and expert costs related to the investigation into Defendants' spoliation and preparation of this Motion.

3   **IV.    <u>CONCLUSION</u>**

4   Despite Defendants' repeated denials, Philips methodically gathered compelling and

5   irrefutable evidence that Defendants used a computer (or computers) to gain unlawful access to

6   Philips' proprietary information – thus justifying the inspection of Mr. Wang's work computer in the

7   first instance. But now, Defendants' blatant and intentional spoliation has rendered the Court-ordered

8   computer inspection essentially useless. For the foregoing reasons, Philips respectfully requests that

9   the Court grant Philips' motion for spoliation sanctions and impose: (1) terminating sanctions in the

10  form of a default judgment against Defendants on Philips' claims and Defendants' counterclaims; and

11  (2) financial sanctions awarding Philips its reasonable fees and costs incurred in conducting the

12  forensic inspections and preparing this motion. Alternatively, Philips respectfully requests an Order

13  issuing monetary sanctions and the adverse inferences and jury instructions, as set forth above, and

14  barring Defendants from relying on the absence of Philips-related evidence on the Laptop or from

15  referencing the Laptop or any other AIS computer in support of Defendants' defenses.

16

17  DATED: September 22, 2023

18                          REED SMITH LLP

19                          By: */s/ Christopher Pulido*
20                              James T. Hultquist (admitted *pro hac vice*)
                                Jennifer Y. DePriest (admitted *pro hac vice*)
21                              Christopher R. Brennan (admitted *pro hac vice*)
                                Hubert J. Zanczak (admitted *pro hac vice*)
22                              Christopher J. Pulido (SBN 313142)
                                Jonathan I. Detrixhe (SBN 258946)
23

24                              *Attorneys for Plaintiff*

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware